CHAS. H. STEHLING COMPANY, Respondent, vs. MILCOR
STEEL COMPANY, Appellant.

*March 10—April 13, 1943.*

630

For the appellant there were briefs by *Gold & McCann,* and oral argument by *R. A. McDermott,* all of Milwaukee.

For the respondent there was a brief by *Tibbs & Tibbs* of Milwaukee, and oral argument by *Brooke Tibbs.*

BARLOW, J. Sec. 263.09, Stats., provides:

*"Ground of demurrer to be stated.* The demurrer shall distinctly specify the grounds of objection to the complaint, in the language of the subdivision of section 263.06 relied upon, adding, if based upon the second or fourth subdivision, a particular statement of the defect, and if based upon the seventh, a reference to the statute claimed to limit the right to sue. . . ."

The appellant, as one ground of demurrer to each cause of action, claimed that it appears on the face of the complaint that "there is a defect of parties plaintiff, in that P. F. Flagge and La Crosse Steel Roofing & Corrugating Company, heretofore joined as defendants herein, should be joined as parties plaintiff." In the order of July 15, 1942, as supplemented by the order of August 4, 1942, the court sustained the contention of appellant that a defect of parties plaintiff existed in that P. F. Flagge should be joined as a party plaintiff, and further ordered that plaintiff may, within twenty days, serve and file an amended complaint upon payment of $10 to the attorneys for the defendant.

In passing upon the appeal of appellant, it is necessary to determine the effect of the order and supplement thereto. 49 C. J. p. 371, sec. 467, Pleading, states:

"A demurrer is an entity in pleading. Its grounds or causes are separate, not joint, their nature being similar to the grounds or causes set forth in a motion for a new trial, or in objections to the admissibility of evidence. It should be sustained if any one of its grounds or causes presented is good."

The demurrer of appellant to each cause of action was sustained. "After a demurrer has been sustained, the effect is to hold for naught the declaration or complaint." 41 Am. Jur. p. 468, sec. 249, Pleading. The fact that the order recites that the demurrer is overruled on the other grounds specified therein does not determine the law of the case after the service of an amended complaint. It may be an advance notice to the defendant of what the decision of the court will be in the event a demurrer is interposed to the amended complaint upon the grounds alleged, but in no way will it make the questions *res judicata*. An order sustaining a demurrer to a complaint is of no effect as determining the law of the case after the service of an amended complaint. 21 R. C. L. p. 530, sec. 91,

Pleading; *First State Bank of Mountain Lake v. C. E. Stevens Land Co.* 119 Minn. 209, 137 N. W. 1101.

Respondent urges this court to decide the issues in that portion of the demurrer which was overruled. We are asked to pass upon a moot question; this we cannot do. The demurrer of appellant was sustained on the ground of defect of parties. plaintiff.

Respondent contends that this appeal was taken for the purpose of delay. This matter could have reached the court at a much earlier date upon proper motion by respondent, and considerable delay probably could have been avoided.

The fact that the lower court decided, and the order sets forth, the overruling of the additional grounds of appellant's demurrer, does not make an appealable issue to this court.

*By the Court.*—Appeal dismissed.