Kovacs and wife, Appellants, vs. Hoag and others,
Defendants: Weber, Respondent.

*January 6—February 3, 1953.*

For the appellants there was a brief and oral argument by *Arnold C. Otto* of Milwaukee.

For the respondent there was a brief and oral argument by *Bernard F. Mathiowetz* of Milwaukee.

BROADFOOT, J.   It is elementary in Wisconsin that agreements may be reformed in a suit in equity where the true intent of the parties is not embodied in the agreement as

reduced to writing because of some mutual mistake. *La Rosa v. Hess,* 258 Wis. 557, 46 N. W. (2d) 737; *Langer v. Stegerwald Lumber Co.* 262 Wis. 383, 55 N. W. (2d) 389; *Lentz v. Dostal,* 212 Wis. 81, 249 N. W. 174; *Shearer v. Pringle,* 203 Wis. 164, 233 N. W. 623.

Robert W. Hoag testified that he drafted the exchange agreement in the absence of the Kovacs but that it was the intention that the owners of the one property were to become the owners of the other and *vice versa.* Had he known that Frank Kovacs was a vendee of the Kovacs property his name would have been included. He was not instructed to leave Frank's name out of the agreement and subsequent papers, but did not know until later that Frank was a joint tenant.

Frank Kovacs testified that when he talked to Hoag he told him they would like to exchange properties. Hoag did not tell them who owned the Hoag property and he did not ask them who owned the Kovacs property. Frank did not read the agreement, but signed where Mr. Hoag requested him to sign. The agreement was not read to him nor was it explained to him. He did not know he was signing the agreement as a witness but believed he was signing as an owner of the property. He also signed the mortgage as a witness but testified that he did not know he was signing as a witness and thought he was signing as owner.

None of this testimony is denied. It is also uncontradicted that certain adjustments of taxes and insurance were to be made. No mention thereof was included in the exchange agreement. It is apparent, therefore, that the real intent of the parties was not truly represented in the written agreement. Any finding otherwise is contrary to the great weight and clear preponderance of the evidence. The agreement should have been reformed to conform to the intention of the parties. As reformed, the plaintiff is entitled to specific performance thereof. Donna Hoag at the time of the trial was the holder of the record title. The Jensens had divested them-

selves of their interest in the Hoag property by their deed of September 7, 1944.

This is another distressing example of the trouble in which people become involved when they attempt to conduct legal business without the benefit of a lawyer. Even a court of equity cannot make them whole, but it can partially relieve them from their mutual mistakes.

*By the Court.*—Judgment and order reversed and cause remanded for further proceedings consistent with this opinion.