KRANJEC, Appellant, vs. CITY OF WEST ALLIS and others, Respondents.

*September 8—October 5, 1954.*

432

For the appellant there was a brief and oral argument by *Robert J. Beaudry,* attorney, and *William B. Rubin* of counsel, both of Milwaukee.

For the respondent city of West Allis there was a brief by *George A. Schmus,* city attorney, and *Charles G. Panosian,* assistant city attorney, and oral argument by *Mr. Schmus.*

For the respondent Kearney & Trecker Corporation there was a brief by *Bendinger, Hayes & Kluwin,* attorneys, and *Maxwell H. Herriott* and *Donald J. Tikalsky* of counsel, all of Milwaukee, and oral argument by *Mr. Herriott.*

BROADFOOT, J. The main question presented is this: Does the complaint state facts sufficient to constitute a cause of action?

The alleged infirmities of the lease are set forth in paragraph V of the complaint, which is set out above. Some of the alleged infirmities are conclusions of law and not admitted by the demurrers. In no instance is there cited any statute that has been violated; fraud or bad faith on the part of the city officials is not alleged. The defendants, on the other hand, call attention to sec. 3a, art. XI of the Wisconsin constitution and to secs. 62.23 (17), 62.22 (1), and 66.079, Stats., as authority for the city to enter into the lease in question. Our attention is not directed to any statute that requires the city to lease property by the competitive-bid method, such as the statute prescribes for contracts for public works. Municipalities have the same right, unless restricted by statute, to convey property as they have to acquire property, and such matters are within the reasonable discretion of the proper municipal authorities.

The complaint does allege that the lease was entered into without proper resolution or adoption. The lease, which is a part of the complaint, recites that the same was signed by the duly authorized officers of the city. An allegation that the lease was entered into without proper resolution or adoption is merely a statement of an opinion. Such an allegation is insufficient in the absence of further allegations setting out the action actually taken by the city council prior to the signing of the lease, or that no resolution was adopted by the council authorizing the same. The lease recites that it is between the city of West Allis and the Kearney & Trecker Corporation. The board of park commissioners were not parties thereto, except that an additional page was added containing an execution by the board by its president and secretary, together with an acknowledgment by them. That adds nothing to the lease nor does it subtract anything from

it. The city council was the proper body to authorize the execution of the lease, and the mayor and city clerk, as a result of such authorization, would be the proper parties to sign the same.

We must conclude, therefore, that the complaint does not state facts sufficient to constitute a cause of action and that the demurrers on that ground were properly sustained. "A demurrer is an entity in pleading, and its grounds or causes are separate and not joint, and it should be sustained if any of its grounds or causes presented is good." *Chas. H. Stehling Co. v. Milcor Steel Co.* 242 Wis. 629, 9 N. W. (2d) 78 (headnote 1).

Under the above rule the complaint as a whole was demurrable.

At the time of the hearing, a motion was made by the plaintiff to strike from the record an affidavit of the city clerk which was used in connection with an application for a temporary injunction and which was printed as a supplemental appendix in the brief of the city of West Allis. That affidavit was no part of the record so far as the ruling on the demurrers was concerned and was not considered by this court. The motion to strike the same is granted.

*By the Court.*—Order affirmed.