ESTATE OF WALLACE: WALLACE, Administratrix, Appellant, vs. MANTHEI, Claimant, Respondent.

*September 14—October 11, 1955.*

For the appellant there was a brief by *Jansen & Wallace* of Oshkosh, attorneys, and *Kivett & Kasdorf* of Milwaukee of counsel, and oral argument by *Austin W. Kivett*.

For the respondent there was a brief and oral argument by *Henry P. Hughes,* attorney, and *Don R. Herrling* of counsel, both of Oshkosh.

MARTIN, J.   Claimant and the deceased purchased a home in 1923 and lived there with their mother until 1928 when the claimant married and voluntarily moved out of the premises.   When Thomas Wallace married in 1934 he and his wife resided in the home together with the mother.   In 1939 the mother died and Thomas and his wife continued to occupy the premises until he died in 1953.   No rent was ever paid by Thomas Wallace to the claimant.

Recovery was limited to a six-year period, the statute of limitations having run prior to that time.   The court found

the rental value of the premises to be $5,400 upon the stipulation of the parties; reduced said amount by the expenditures made by Thomas Wallace for taxes, repairs, and improvements, and entered judgment for the claimant for one half of the balance.

No bill of exceptions was settled. All we have before us is the claim, the written objections thereto, the trial court's decision, the findings of fact, and the judgment. In the absence of a bill of exceptions we must presume that the evidence sustains the findings and the only question on this appeal is whether the judgment entered is in accordance with the findings. *Joachim v. Madison Dental Clinic* (1934), 216 Wis. 261, 257 N. W. 143; *Kubina v. Nichols* (1942), 241 Wis. 644, 6 N. W. (2d) 657.

In its decision filed September 27, 1954, the trial court stated:

"I cannot conceive of any court holding that where one cotenant occupies property to the exclusion of the other, and not being accountable for a fair rental value of the same to the other. . . .

"Judgment in accordance with this decision may be entered."

In Black, Law Dictionary (4th ed.), p. 673, "exclusion" is defined:

"Denial of entry. Ex parte Domingo Corypus, D. C. Wash., 6 F. 2d 336.

" 'Exclusions' are things barred and not admitted. *Raymond v. Great American Indemnity Co.*, 86 N. H. 93, 163 A. 713, 716."

The statement quoted from the trial court's decision clearly indicates a finding by the court that the property in question was occupied by the deceased *to the exclusion* of the claimant, but its formal findings, which were filed more than two weeks later, contain no such statement.

This court has held that where no formal findings are made the decision is accorded the same consideration and weight as the findings, *Will of Daniels* (1937), 225 Wis. 502, 274 N. W. 435; *United Parcel Service v. Public Service Comm.* (1942), 240 Wis. 603, 4 N. W. (2d) 138, 5 N. W. (2d) 635; that where both are filed and there is conflict between them, the findings control, *Coolidge v. Rueth* (1932), 209 Wis. 458, 245 N. W. 186; that where the findings are insufficient in themselves they may be supplemented by the decision, *Nickel v. Theresa Farmers Co-operative Asso.* (1945), 247 Wis. 412, 20 N. W. (2d) 117. In *Duncan v. Duncan* (1901), 111 Wis. 75, 76, 77, 86 N. W. 562, it was said:

"After the trial the court filed a written opinion, which he indorses 'Decision.' This was followed by formal findings, which are recited in the judgment as 'the findings of the court.' Those findings are entirely silent upon the issue of fact thus tried. . . . we cannot avoid the view that the so-called decision, duly signed 'by the court,' must be taken as declaring the judicial conclusion upon the facts, so far as any is stated therein."

There is no conflict between the decision and the findings in this case, but that the findings are incomplete is evident from a comparison of the two documents. Such omission may be supplied when resort is had to the decision, and, as so supplemented, the findings support the judgment appealed from.

*By the Court.*—Judgment affirmed.