MULLEN, Appellant, vs. STOFFIELD and wife, Defendants: CAMP, Respondent.

*February 10—March 6, 1956.*

For the appellant there were briefs by *Arthur T. Spence,* and oral argument by *Mr. Spence* and by *Mr. L. William Connolly, Jr.,* both of Milwaukee.

For the respondent there was a brief by *Peter J. Kondos,* and oral argument by *Mr. John A. Pfannerstill* and by *Mr. Mark M. Camp, in pro. per.,* all of Milwaukee.

BROWN, J.   There is no bill of exceptions and our review is confined to the pleadings, the findings of fact made by the trial court, and the judgment.

From the pleadings it appears that Mr. and Mrs. Stoffield had been adjudged indebted to the United States for income taxes which, with penalties and interest amounted to some $82,000. The plaintiff is an attorney and he and the Stoffields entered into a written contract which begins:

"Articles of agreement entered into this 24th day of September, 1952, by and between Joseph Stoffield and Julia Stoffield, his wife, hereinafter referred to as parties of the first part, and Charles L. Mullen, hereinafter referred to as party of the second part."

The agreement recited the tax difficulties of defendants Stoffield and continued in section 2:

"Parties of the first part engage party of the second part, *together with Mark M. Camp, Esq., as attorneys at law,* to finally conclude the United States income-tax matter, with interest and penalties thereon, by appeal to the U. S. circuit court of appeals, by adjustment or by compromise, or any other proper method, judgment in the approximate amount of $82,000 having been entered June 3, 1952, at no further cost to parties of the first part, except as hereinafter set forth."

Compensation was provided as follows, in section 6:

"Parties of the first part further covenant and agree that, as full and final compensation for services contemplated under this agreement, they will cause to be paid *the said attorneys* an amount equivalent to twenty-five per cent (25%) of the amount of taxes abated or reduced below the said approximately $82,000 tax liability for the period applicable entered June 3, 1952, against the parties of the first part; and such sum as attorney fees shall be due and payable *to Charles L. Mullen and Mark M. Camp,* whether the reduction of said tax liability is effected by them, by parties of the first party, or by anyone else, and shall be paid *to said attorneys* upon completion of the said services unless otherwise mutually agreed upon between the parties hereto." (All italics ours.)

The document was signed by Mr. and Mrs. Stoffield and by Mullen. It was not signed by Camp and he is not named as a party to it nor does it require any performance on his part unless something may be inferred from what has been quoted.

The complaint alleges that the appeal was brought, the taxes were substantially abated, and that Mullen has demanded the promised compensation but the Stoffields have failed to pay. There are allegations that Camp abandoned the appeal and has no claim to any fee. Camp was interpleaded, denied any default on his part, and demanded half the fee specified in the contract.

The court made findings of fact determining the existence of the contract and the abatement of the taxes as above recited. It found the abatement was $30,388.04, and the stipulated attorneys' fees thereon are $7,597; also that Mullen had advanced $1,160 in disbursements; and that "all of the services to be performed by the said attorneys under the terms of the agreement, have been fully performed."

The judgment declared the Stoffields liable to Mullen for $4,775.84, fees and disbursements with interest, and to Camp for $3,379.43, fees with interest.

It is apparent that the judgment accords with the findings and the findings, themselves, accord with the relief demanded by the respective pleadings and particularly with that part of them which sets out the contract upon which the action was based. That agreement required no specific service from Camp. He did not sign it nor undertake to do anything by it. It is not clear why his name was inserted in it or why he was to receive one half the compensation. Perhaps a bill of exceptions would suggest the answer. We know that the contract provides that Camp was to be paid, like Mullen, whether he was responsible for the actual abatement or not. The court found all services contemplated by the contract were rendered. With no bill of exceptions we cannot consider appellant's recitation of alleged facts nor the conclusions he draws from them where they differ from the findings or are not supported by any finding. The record to which we are confined presents nothing which would warrant us in reversing the learned trial court and much which requires affirmance.

*By the Court.*—Judgment affirmed.

MARTIN, J., took no part.