CITY OF MADISON, Respondent, vs. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY, Appellant.

*December 2, 1957—January 7, 1958.*

For the appellant there was a brief by *Aberg, Bell, Blake & Conrad* of Madison, and *Bender, Trump, McIntyre, Trimborn & Godfrey* of Milwaukee, and oral argument by *William J. P. Aberg* and *Edwin Conrad.*

For the respondent there was a brief by *Alton S. Heassler,* assistant city attorney, and *Harold E. Hanson,* city attorney, and oral argument by *Mr. Heassler.*

MARTIN, C. J.   It is respondent's position that in the absence of a bill of exceptions the questions before this court are whether the findings support the judgments and whether the ordinance is unconstitutional on its face.

No bill of exceptions has been settled. Appellant has submitted no appendix. The stipulations of fact filed in superior court are printed in appellant's brief, together with the findings of fact and conclusions of law in all three cases, and the circuit court's memorandum decision in Case No. 65. Appellant states in its brief:

"Since all the facts were stipulated in Cases 64 and 66 and Case 65 involves essentially the same set of facts and issues, it was felt that the statement of facts would adequately cover all facts and issues before the court and that an appendix would not be necessary. . . .

"While there was testimony adduced at the trial [in Case No. 65], but no stipulation as to the facts, the court's findings and conclusions present the facts and issues involved and are here reproduced, there being no useful purpose in reproducing a narrative of the written testimony in the superior court."

The records in these cases include much that is not material to the appeals, *i.e.,* the certificate from superior to circuit court, a copy of the superior court docket, notice of appeal from superior court to circuit court, a piece of unidentified paper, opinion of superior court judge, letter from the city attorney to the superior court, police reports, order

to show cause to dismiss for failure to bring appeal to trial, briefs filed, testimony taken, and exhibits introduced in superior court. Respondent has moved to strike from the record in each case all material except the complaint, warrant, proof of service, findings of the trial court, judgment, and certificate of the clerk to the return. The motion is granted.

This court has frequently said that it will not consider material not properly before it.

"With no bill of exceptions we cannot consider appellant's recitation of alleged facts nor the conclusions he draws from them where they differ from the findings or are not supported by any finding." *Mullen v. Stoffield* (1956), 272 Wis. 402, 405, 75 N. W. (2d) 460.

See also *Vredenburg v. Safety Devices Corp.* (1955), 270 Wis. 36, 70 N. W. (2d) 226; *Howard v. Howard* (1955), 269 Wis. 334, 69 N. W. (2d) 493; *Kranjec v. West Allis* (1954), 267 Wis. 430, 66 N. W. (2d) 178.

The trial court made the following findings in each of the three cases:

"2. That the time limit of five minutes set by the ordinance is reasonable and necessary and the ordinance is valid."

"4. That such obstruction of public travel [for the time stated in finding 3] was not due to an accident nor to contingency wholly beyond control of the operators of the train."

"5. That the ordinance involved was passed for and is necessary for the safety, health, and welfare of the public."

"9. That the ordinance does not constitute an unreasonable burden upon interstate commerce."

The rule is that in the absence of a bill of exceptions we must assume that the evidence sustains the findings and the only question on appeal is whether the judgment entered is in accordance with the findings. *Estate of Wallace* (1955), 270 Wis. 636, 72 N. W. (2d) 383; *State ex rel. Ignasiak v.*

*Franklin* (1954), 268 Wis. 295, 67 N. W. (2d) 308; *Joachim v. Madison Dental Clinic* (1934), 216 Wis. 261, 257 N. W. 143.

It is an elementary rule of construction that a statute or ordinance will be held constitutional unless the contrary is shown beyond reasonable doubt. *Malinowski v. Moss* (1928), 196 Wis. 292, 220 N. W. 197; *Dick v. Heisler* (1924), 184 Wis. 77, 198 N. W. 734; *Pauly v. Keebler* (1921), 175 Wis. 428, 185 N. W. 554; *State ex rel. Smith v. Outagamie County* (1921), 175 Wis. 253, 185 N. W. 184.

The ordinance before us is entitled to every presumption in favor of its validity. In *Dyer v. City Council of Beloit* (1947), 250 Wis. 613, 616, 27 N. W. (2d) 733, this court said:

"Municipal corporations are *prima facie* the sole judges respecting the necessity and reasonableness of ordinances under their police power, and every intendment is to be made in favor of the lawfulness and reasonableness of such ordinance. The city is presumed to have full knowledge of local conditions, and its adoption of an ordinance in the light of this knowledge creates a *prima facie* presumption that it is reasonable."

There can be no question that use of railway crossings is a proper subject for reasonable regulation under the police power of the city and that the public interest requires such regulation. See *Chicago, M. & St. P. R. Co. v. Milwaukee* (1897), 97 Wis. 418, 72 N. W. 1118; *Jorgenson v. Chicago & N. W. R. Co.* (1913), 153 Wis. 108, 140 N. W. 1088.

Appellant argues that the operation of its trains on the occasions involved was necessary and could not thus constitute an obstruction within the meaning of the ordinance,— that an obstruction begins only when the railroad commences to use the highway for unnecessary purposes. It was the finding of the trial court in all three cases that the

"obstruction of public travel [for the various periods of time longer than five minutes] was not due to an accident nor to contingency wholly beyond control of the operators of the train." We must assume that the facts supported this finding, which is a finding, in effect, that the use of the crossing for such periods of time was unnecessary and unreasonable. Appellant's position is that the time limit is unreasonable as applied to the facts and circumstances which existed at the times in question. As stated above, there being no bill of exceptions, we have no facts before us except those stated in the findings, which we must presume are supported by the evidence. In this situation we may not speculate as to the possible existence of facts which would cast doubt upon the validity of the ordinance. We may indulge in conjecture only with respect to the existence of facts and circumstances under which the five-minute limit would be reasonable and necessary. As stated in *Madison Metropolitan Sewerage Dist. v. Committee* (1951), 260 Wis. 229, 254, 50 N. W. (2d) 424:

" 'If there is any reasonable basis upon which the legislation may constitutionally rest, the court must assume that the legislature had such fact in mind and passed the act pursuant thereto. The court cannot try the legislature and reverse its decision as to the facts. · All facts necessary to sustain the act must be taken as conclusively found by the legislature, if any such facts may be reasonably conceived in the mind of the court.' See 11 Am. Jur., Constitutional Law, p. 776, sec. 128.

"Unless the court can say that the law appears on its face to be unreasonable and unnecessary it must find that the facts before the legislature were sufficient to justify the requirement. If circumstances could exist to justify the requirements, it must be presumed that such circumstances did exist. *Cream City B. P. Co. v. Milwaukee* (1914), 158 Wis. 86, 147 N. W. 25; *State ex rel. Carnation M. P. Co. v. Emery, supra.*"

In *State v. Lange Canning Co.* (1916), 164 Wis. 228, 233, 157 N. W. 777, we said:

" 'The question, whether a law be void for its repugnancy to the constitution, is, at all times, a question of much delicacy, which ought seldom, if ever, to be decided in the affirmative, in a doubtful case.' "

Appellant further contends that construction of the ordinance as applicable to the facts stated by it renders the ordinance unconstitutional as imposing an undue burden on interstate commerce. Since we have none of those facts before us, the question does not arise.

*By the Court.*—Judgments affirmed.