Dieterich, J.
 

 On February 20, 1959, John Kemman died, and on July 17, 1959, the claimant, Rueben Packard, filed a claim against the estate of the decedent in the sum of $200, alleging that the deceased borrowed that amount from the claimant on December 11, 1958. Claimant also contends that decedent orally agreed to repay said sum within two weeks, but that no part of the $200 had been repaid.
 

 
 *394
 
 Administrator with will annexed, Paul Kemman, filed an objection to this claim, and a hearing was held on the objection.
 

 The claim is predicated upon a small piece of paper stating, “I owe you $200.00 John Kemman.” The appellant, Paul Kemman, contends that the document in question was altered from the original form of $2.00 to $200.00, and that a heavier or darker imprint was made in converting the four zeros to make the figure $200. Appellant also contends that a material alteration was made and consequently sec. 117.43, Stats., is applicable. Sec. 117.43 provides:
 

 “Material Alteration. Any alteration which changes:
 

 “(1) The date;
 

 “(2) The sum payable, either for principal or interest;
 

 “(3) The time or place of payment;
 

 “(4) The number or the relation of the parties;
 

 “(5) The medium or currency in which payment is to be made;
 

 “Or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration.”
 

 The issue before this court is whether the claim filed by the respondent supported by the written document, “I owe you,” is valid and payable from the estate of the decedent.
 

 The respondent’s evidence in support of the claim is Exhibit 1, the written “I owe you” signed by John Kemman, and Exhibit 2, a bankbook in the name of Rueben C. Packard. The direct examination of Rueben C. Packard by Mrs. Vaudreuil is as follows:
 

 "Q.
 
 Now I show you what has been marked claimant’s Exhibit 2, which is a bankbook in the name of Rueben C. Packard or Plomer C. Packard, a savings account at the First National Bank, and ask you whether it shows a withdrawal on December 11, 1958, of $250?
 

 
 *395
 
 “Mr. Antaramian: I object to that testimony, Your Honor, because that could have been withdrawn for any other purpose.
 

 “The Court: Well, it can corroborate his testimony if he had made the withdrawal. The objection is overruled.
 

 “Mrs. Vaudreuil: Will you read the question? (Previous question read.)
 

 "A.
 
 Yes.
 

 "Q.
 
 Did you make that withdrawal?
 
 A.
 
 Yes, I did.
 

 “Q.
 
 And what did you do with that money?
 
 A.
 
 I brought $200 out of the bank to give John Kemman, $200 and I kept the $50 for myself.
 

 “Q.
 
 And what day did you give that $200 to John Kemman?
 
 A,
 
 That was December 11, 1958.
 

 “Q.
 
 Now I show you what has been marked claimant’s Exhibit 1 and ask you to read it.
 
 A.
 
 T owe you $200.00, John Kemman.’
 

 “Mrs. Vaudreuil: I offer in evidence claimant’s Exhibits 1 and 2.
 

 “The Court: Well, wait a minute. All he did was read that exhibit.
 

 “Q. Where did you get this exhibit?
 
 A.
 
 I got that from John Kemman himself.
 

 “Mr. Antaramian: I object to that for the reason that it’s a transaction with a deceased and for that reason I object.
 

 “The Court: The objection is overruled. Mr. Packard—
 

 “Mr. Packard: Yes, sir.
 

 “The Court: I show you what has been marked claimant’s Exhibit 1. Whose signature appears on there?
 

 “Mr. Packard: John Kemman, sir.
 

 “The Court: How do you know that that’s John Kemman’s signature?
 

 “Mr. Packard: ‘Cause I was there when he wrote it out.
 

 “The Court: And in exchange for that you gave him $200?
 

 “Mr. Packard: Right, sir.
 

 “The Court: And you say that took place on or about December 11, 1958?
 

 “Mr. Packard: That’s right, Your Honor.
 

 “The Court: And claimant’s Exhibit 1 is exactly as you obtained it from John Kemman on December 11, 1958?
 

 
 *396
 
 “Mr. Packard: That is right, Judge.
 

 “The Court: Now you are offering claimant’s Exhibit 1 ?
 

 “Mrs. Vaudreuil: I am offering claimant’s Exhibits 1 and 2 in evidence, Your Honor.
 

 “The Court: Do you have any objection?
 

 “Mr. Antaramian: Can I see this? Are you through?”
 

 There being no objection to the admission of Exhibits 1 and 2 in evidence, they were properly admitted.
 

 The trial
 
 court
 
 filed no formal findings of fact apart from its memorandum decision. A portion of its memorandum decision sets forth the following:
 

 “. . . and the court having heard and examined said objection disallowed said objection of the administrator to the payment of the said claim, makes the following statement and findings:
 

 “That the claim of Rueben Packard in the sum of $200 based on a note be allowed.
 

 “It is ordered and decreed, that the foregoing statement and finding be recorded and stand as the judgment of the court upon the claims in said estate.”
 

 This court has held that where no formal findings are made, the decision is accorded the same consideration and weight as the findings.
 
 Will of Daniels
 
 (1937), 225 Wis. 502, 274 N. W. 435, and
 
 United Parcel Service v. Public Service Comm.
 
 (1942), 240 Wis. 603, 4 N. W. (2d) 138, 5 N. W. (2d) 635. See also
 
 Estate of Wallace
 
 (1955), 270 Wis. 636, 72 N. W. (2d) 383, and
 
 Estate of Olson
 
 (1955), 271 Wis. 199, 208, 72 N. W. (2d) 717.
 

 The second issue before this court is whether appellant’s motion for a new trial, on the ground of newly discovered evidence, was properly denied.
 

 In
 
 Estate of Teasdale
 
 (1953), 264 Wis. 1, 58 N. W. (2d) 404, this court stated the five requirements which must be met by the appellant before a new trial can be granted
 
 *397
 
 on the ground of newly discovered evidence. They are (p. 4) :
 

 “1. The evidence must have come to their knowledge after the trial.
 

 “2.
 
 They must not have been negligent in seeking to discover it.
 

 “3. The evidence must be material to the issue.
 

 “4. The evidence must not be merely cumulative to testimony introduced at the trial.
 

 “5. It must be reasonably probable that a different result would be reached on a new trial.”
 

 Concerning the first point, the affidavit of Amanda Kemman, mother of the decedent, and sole beneficiary of the estate, states that approximately six weeks after the death of the decedent, John Kemman, one Rueben Packard approached her and exhibited to her a white slip of paper and told her it was a note signed by John Kemman in the sum of $200, that subsequently, and sometime in August, 1959, the same Rueben Packard again approached the affiant and this time exhibited to her an orange-colored paper and said it was a note signed by John Kemman in the sum of $200.
 

 Mr. Packard’s claim was filed July 17, 1959, over four months after the death of the decedent. The administrator’s objection was filed September 24, 1959, and the hearing on the claim was held December 23, 1959. In the light of the above dates and the relationship of the affiant to the decedent it seems inconceivable that the information elicited in the affidavit did not come to the administrator’s attention until January 11, 1960, the date of the affidavit. This court said in
 
 Estate of Teasdale, supra
 
 (p. 4) :
 

 “Applications for a new trial on this ground are looked upon with suspicion and disfavor, the presumption being that the failure to discover such evidence is due ‘either to intentional omission, or unpardonable neglect’ of the moving party. In order to rebut this presumption ‘his excuse must be
 
 *398
 
 so broad as to dissipate all surmises of the contrary.’
 
 Edmister v. Garrison
 
 (1864), 18 Wis. *594, *603, *604.”
 

 Appellant’s counsel’s affidavit containing a general averment as to due diligence does not meet the requirement of the second point that the party must not have been negligent in seeking to discover the “new” evidence.
 
 Estate of Eannelli
 
 (1955), 269 Wis. 192, 215, 68 N. W. (2d) 791, states:
 

 “General averments as to diligence are not sufficient. The facts should be set out so as to negative fault on the part of the movant. 39 Am. Jur., New Trial, p. 191, sec. 190.”
 

 Concerning the fifth point, the affidavit of appellant’s counsel sets forth that the claimant showed Amanda Kemman two slips of papers, one white, the other orange, both signed by John Kemman, in the sum of $200. Whether there were one or two documents signed by John Kemman would have no bearing on whether the decedent owed $200. If the evidence established that they were of two different colors, it would simply mean there were two “I owe you” documents. This would not mean that John Kemman did not owe the $200, since there is no denial of the indebtedness by the affiants. In
 
 Erickson v. Clifton
 
 (1953), 265 Wis. 236, 240, 61 N. W. (2d) 329, this court stated:
 

 “Applications for new trials on this ground are not received favorably and are entertained with great caution.
 
 Miller Saw-Trimmer Co. v. Cheshire,
 
 p. 369 [(1922), 177 Wis. 354, 189 N. W. 465];
 
 Estate of Teasdale,
 
 p. 4 [(1953), 264 Wis. 1, 58 N. W. (2d) 404]. Nevertheless, the granting or refusal of a new trial is an order discretionary with the trial court which will not be disturbed unless it is manifest that the discretion has been improperly exercised.
 
 Wilson v. Plank
 
 (1876), 41 Wis. 94;
 
 Miller Saw-Trimmer Co. v. Cheshire, supra,
 
 p. 69;
 
 Estate of Teasdale, supra,
 
 p. 7.”
 

 
 *399
 
 The trial court denied the motion for a new trial on the ground that there was nothing in the affidavits which would change the result if everything therein was taken as true.
 

 The trial court’s findings not being contrary to the great weight and clear preponderance of the evidence, the judgment is affirmed.
 

 By the Court.
 
 — Judgment affirmed.