CLEMENTS, Plaintiff and Respondent, v. MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Defendant and Respondent: BROWNE, Defendant and Appellant.

*April 6—May 2, 1961.*

551

For the appellant there were briefs and oral argument by *Thomas P. Maroney,* attorney, and *Anthony W. Schiro* of counsel, both of Milwaukee.

For the respondent Clements there was a brief by *Irving D. Gaines* and *Kivett & Kasdorf,* attorneys, and *A. W. Kivett* and *John M. Swietlik* of counsel, all of Milwaukee, and oral argument by *Mr. Gaines* and *Mr. A. W. Kivett.*

For the respondent Mutual Service Casualty Insurance Company there was a brief by *Hayes & Hayes* of Milwaukee, and oral argument by *Hanlin J. Hayes.*

MARTIN, C. J.  According to the pleadings, the accident happened on May 21, 1958, when the Browne automobile, being driven easterly on the Beloit road near the intersection of One Hundred Thirtieth street, left the road and struck a tree.

No bill of exceptions is before the court on this appeal. In the trial court's oral decision on motions after verdict it is stated that the evidence showed plaintiff, Browne, and Carolyn Seeley (now Clements, wife of the plaintiff) were in the car; that Browne testified Clements was driving, Carolyn was seated in the middle of the front seat and he, Browne, was at the right door; on adverse examination during the

trial Browne testified he was in the middle and Carolyn was on the right; Carolyn and Clements testified Browne was the driver and Carolyn was seated in the middle, with Clements on the right.

The court further stated the evidence showed that after the accident police officers found the car facing easterly on the south side of the Beloit road next to a tree, with the left door damaged but in place. Most of the damage to the car was at the left door. They found Carolyn about 15 feet south of the car and Clements 20 to 25 feet south of it; Browne was lying in the rear seat. As the trial court pointed out, the fact that Carolyn and Clements were both found to the right of the car is entirely consistent with their testimony that they were seated to the right of the driver, in view of the fact that the left side of the automobile struck the tree. The testimony of the witness, Professor Arpad Elo, was to the effect that, considering the position of the bodies after the collision, the laws of physics would require that Browne be driving, Carolyn seated in the middle, and Clements on the right. Also in this connection, the court observed that even without expert testimony—if it was error to permit Elo to testify—common knowledge based upon the mechanics of the accident would compel the conclusion that it would be impossible for Clements to have been the driver and for his body to be found 25 feet to the right side of the automobile; that Elo's testimony merely corroborated the universal experience of mankind.

Appellant sets out in his appendix the affidavit of his attorney in support of his motion for judgment on his counterclaim notwithstanding the verdict. In that affidavit it is alleged that a statement was given to Mutual Service by a witness, one Heaton, to the effect that the right shoe of Clements was imbedded under the brake pedal of the car and Browne's left shoe was imbedded under the accelerator to

the right of Clement's shoe; that appellant's counsel subpoenaed Heaton on the trial and the witness could not testify as to these facts without reference to the statement to refresh his memory; that the statement had been given by Mr. Hayes to Mr. Kivett and Mr. Kivett refused to turn it over for the purpose requested; that an informal conference was had in the judge's chambers, at which time the court stated it had no power to require that the statement be given to appellant's counsel.

It is also alleged in the affidavit that another witness, a Mr. Mortenson, claim adjuster for Mutual Service, was sent to Minnesota by Mr. Hayes after appellant's counsel had requested that he be produced as a witness on the trial, and that appellant's proof on his counterclaim was substantially prejudiced thereby because Mortenson had taken a photograph of the interior of the automobile, which picture had ink marks on it showing the shoes of Clements and Browne in the respective positions stated above.

With respect to these facts alleged in the affidavit, the trial court stated:

"The next ground—that is one Mr. Heaton—and the next ground goes to the failure of the company to call one Mortenson. I do not believe that the court is in position to determine these two assignments of error at this time. No offer of proof as to what these individuals would have testified to is indicated. It is true that in the supporting affidavits there is some indication that they would have testified to shoes in the automobile after the collision. The presence of shoes in the automobile was testified to at the time of trial and it was the opinion of Mr. Arpad Elo that where the shoes were found wouldn't make much difference as to the issue of who was driving. At any rate the court is not now in any position to state whether or not the company should have called these witnesses. No offer of proof was ever made at the time of trial and furthermore it affirmatively appears that the evidence which would have been submitted wouldn't make any difference anyway."

In the absence of any record of offers of proof or such portions of a bill of exceptions as would have reference to the facts alleged in the affidavit, this court must hold that the rulings of the trial court attacked by appellant were proper, and that we must assume the evidence sustains the findings, the only question being whether the judgment entered is in accordance with the findings. *Madison v. Chicago, M., St. P. & P. R. Co.* (1958), 2 Wis. (2d) 467, 471, 87 N. W. (2d) 251, and cases there cited. So far as appellant's affidavit is concerned:

"With no bill of exceptions we cannot consider appellant's recitation of alleged facts nor the conclusions he draws from them where they differ from the findings or are not supported by any finding. The record to which we are confined presents nothing which would warrant us in reversing the learned trial court and much which requires affirmance." *Mullen v. Stoffield* (1956), 272 Wis. 402, 405, 75 N. W. (2d) 460.

It may be noted that appellant makes no contention that the special verdict was improperly framed to meet the issues raised by the pleadings and the evidence adduced at the trial. No attack is made on the judgment as not being supported by the findings, and in the absence of a bill of exceptions we must assume that the findings are supported by the evidence.

Appellant maintains he did not receive a fair trial because attorneys retained by the Insurance Company represented conflicting interests. Browne had retained his own counsel and the Insurance Company had retained two different attorneys on the defense of the complaint and the defense of the counterclaim. If Browne's attorney was misled, it was through no fault of the Insurance Company. It was necessary for the company to furnish counsel both for itself and those covered by its policy. Browne does not show that he was prejudiced. His failure to subpoena the witness Mortenson cannot be laid to his opponents. They were under no

obligation to subpoena witnesses or keep him advised. As for the failure to let him see the file, we cannot approve. However, no offer of proof was made. There is no exception and no ruling of the court before us, but we do have the trial court's statement, quoted above, that there was testimony regarding the presence of shoes in the car which the jury had before it; so this failure of respondent's counsel was not prejudicial.

Appellant further contends he was prejudiced by the statement of Mr. Hayes in his oral argument to the jury that he did not know who was driving the car and that it was for the jury to decide that question. Appellant's motions after verdict do not show that any exception was taken to the argument nor that it was in any way called to the attention of the trial court. Under those circumstances we must presume that any objection to the statement was waived by the appellant.

Respondents' request for additional costs for printing a supplemental appendix and for double costs for failure of the appellant to comply with the rules of practice of this court, is denied. A perusal of the rules and a study of the appellant's brief and appendix show substantial compliance. See Supreme Court Rule 6 (5) (b), sec. 251.26 (5) (b), Stats.

*By the Court.*—Judgment affirmed.