ODELBERG and another, Appellants, v. CITY OF KENOSHA, Respondent.

*June 3—June 28, 1963.*

For the appellants there was a brief by *Phillips & Richards* of Kenosha, and oral argument by *Charles J. Richards*.

For the respondent there was a brief and oral argument by *K. Thomas Savage* of Kenosha.

DIETERICH, J. The sole issue is whether the Kenosha city ordinance, sec. 10.04 (c) (1), is an authorized exercise of the power delegated to municipalities by state law, sec. 66.054, Stats., to regulate the issuance of Class "A" fermented malt beverage licenses.

The summons and complaint were served on the city of Kenosha on March 1, 1962, and on the attorney general of the state of Wisconsin on March 5, 1962. The general allegations of the complaint are:

(1) That the plaintiffs Odelberg and Vaicelunas are residents of the city of Kenosha and each own and operate retail grocery and delicatessen stores in the city of Kenosha.

(2) That the city of Kenosha is a municipal corporation organized and chartered under the laws of the state of Wisconsin.

(3) That sec. 10.04 (c) (1) of the ordinances of the city of Kenosha provides as follows:

"(c) Limitation as to number. (1) Only one Class 'A' fermented malt beverage license shall be granted for every twenty-five hundred (2,500) inhabitants or fractions thereof in the City, provided, however, that Council, in its discretion, may continue to grant such licenses in a number not to exceed those issued as of March 7, 1946, but until the number of such licenses correspond to the above limitation the Council shall grant no such license except as follows:"

(4) That the present population of the city of Kenosha is 67,889 and that there are 42 outstanding Class "A" fermented malt beverage licenses within the city of Kenosha.

(5) That sec. 10.04 (c) (1) of the city of Kenosha ordinances constitutes legislation enacted by the city of Kenosha in excess of the authority and power granted to it by law.

(6) That sec. 10.04 (c) (1) of the city ordinances of Kenosha imposes restrictions on Class "A" fermented malt beverage licenses according to population; which limitation is not authorized or delegated to the city of Kenosha by statute of the state of Wisconsin.

(7) That the plaintiffs are interested persons within the provisions of sec. 269.56, Stats., that their rights, status, and legal relations are affected by said municipal ordinance (sec. 10.04 (c) (1)) and that no Class "A" fermented malt beverage licenses are available as the number of such licenses now granted and outstanding in the city of Kenosha is in excess of the number permitted under sec. 10.04 (c) (1) of the city code.

### Relevant Statutes.

Sec. 66.054 (1) (i). " 'Regulation' shall mean any reasonable rule or ordinance adopted by the council or board of any city . . . not in conflict with the provisions of any statute of the state of Wisconsin."

Sec. 66.054 (1) (j). " 'Fermented malt beverages' shall mean any liquor or liquid capable of being used for beverage purposes, made by the alcoholic fermentation of an infusion in potable water of barley malt and hops, with or without unmalted grains or decorticated and degerminated grains or sugar containing one-half of one per cent or more of alcohol by volume."

Sec. 66.054 (5) (b). "The governing body of every city . . . shall have the power, but shall not be required, to issue licenses to wholesalers and retailers for the sale of fermented malt beverages within its respective limits, . . ."

Sec. 66.054 (7). *"Class 'A' retailers' licenses.* Class 'A' retailers' licenses shall be issued only to domestic corporations, to foreign corporations licensed under ch. 180 to do business in this state or to persons of good moral character who are citizens of the United States and of the state of Wisconsin and have resided in this state continuously for not less than one year prior to the date of the filing of application for said license. Said license shall authorize sales of fermented malt beverages only for consumption away from

the premises where sold and in the original packages, containers or bottles. . . ."

Sec. 66.054 (12). *"Local enforcement.* The common council of any city, . . . may adopt any reasonable rule or regulation for the enforcement of this section not in conflict with the provisions of any statute."

Sec. 66.054 (13). *"Municipal regulations.* Nothing in this section shall be construed as prohibiting or restricting any city, . . . ordinances from placing additional regulations in or upon the sale of fermented malt beverages, not in conflict with the terms and provisions of this section . . . ."

The plaintiffs' contentions are twofold: First, it is contended that sec. 10.04 (c) (1) of the ordinance is void in that it imposes a limitation on the issuance of Class "A" fermented malt beverage licenses which is neither imposed nor authorized under sec. 66.054, Stats. Second, that the ordinance is void and of no force and effect for the reason that it is unreasonable and arbitrary in the light of sec. 66.054.

Sec. 62.11 (5), Stats., is the basic grant of police power to municipalities, and provides (insofar as is pertinent) as follows:

"Except as elsewhere in the statutes specifically provided, the council shall have . . . power to act for the government and good order of the city, for its commercial benefit, and for the health, safety, and welfare of the public, and may carry out its powers by license, regulation, suppression, . . . fine, imprisonment, confiscation, and other necessary or convenient means. The powers hereby conferred shall be in addition to all other grants, and shall be limited only by express language."

In *Zodrow v. State* (1913), 154 Wis. 551, 555, 143 N. W. 693, this court stated with respect to the justification for invoking the police power on the traffic and sale of intoxicating liquors:

"The justification for the exercise of the police power in restraining or prohibiting the sale of intoxicating liquors has been stated and restated by the courts time and again. It may be summed up as resting upon the fundamental principle that society has an inherent right to protect itself; that the preservation of law and order is paramount to the rights of individuals or property in manufacturing or selling intoxicating liquors; that the sobriety, health, peace, comfort, and happiness of society demand reasonable regulation, if not entire prohibition, of the liquor traffic. Unrestricted, it leads to drunkenness, poverty, lawlessness, vice, and crime of almost every description. Against this result society has the inherent right to protect itself—a right which antedates all constitutions and written laws—a right which springs out of the very foundations upon which the social organism rests; a right which needs no other justification for its existence or exercise than that it is reasonably necessary in order to promote the general welfare of the state."

The implication of sec. 66.054 (5) (b), Stats., that municipalities have the power to refuse fermented malt beverage licenses was made definite in *Johnson v. Town Board* (1942), 239 Wis. 461, 1 N. W. (2d) 796, wherein we said that a town board has the power, but is not required to issue Class "B" retail licenses for the sale of fermented malt beverages, despite an affirmative vote of the electors on that question. This holding is also consistent in the application of the provisions of secs. 66.054 (13) and 66.054 (1) (i).

The power to refuse licenses necessarily gives the power to limit their issuance. 38 Am. Jur., Municipal Corporations, p. 24, sec. 332. See also 30 Am. Jur., Intoxicating Liquors, p. 614, sec. 137.

Secs. 62.11 and 64.07, Stats., and sec. 3, art. XI of the Wisconsin constitution provide for maximum home rule by municipalities, and include a specific grant of police power. Therefore, sec. 66.054 can only be a limitation on the police

power of a municipality and cannot be construed as a grant of power.

The rule of law in this state is that a regulatory ordinance enacted by a municipality under its police power is presumed to be reasonable. See *Madison v. Chicago, M., St. P. & P. R. Co.* (1958), 2 Wis. (2d) 467, 472, 87 N. W. (2d) 251.

This court stated in *Dyer v. City Council of Beloit* (1947), 250 Wis. 613, 616, 27 N. W. (2d) 733:

"Municipal corporations are *prima facie* the sole judges respecting the necessity and reasonableness of ordinances under their police power, and every intendment is to be made in favor of the lawfulness and reasonableness of such ordinance. The city is presumed to have full knowledge of local conditions, and its adoption of an ordinance in the light of this knowledge creates a *prima facie* presumption that it is reasonable."

Plaintiffs also contend that sec. 66.054, Stats., and ch. 176, Stats., are *"in pari materia,"* and since ch. 176 specifically limits intoxicating-liquor licenses on the basis of population and sec. 66.054 does not, it is therefore to be presumed that the legislature did not intend to so limit licenses issued pursuant to the provisions of sec. 66.054.

Black's Law Dictionary (4th ed.) defines the phrase *"in pari materia"* as meaning, "Upon the same matter or subject. Statutes *in pari materia* are to be construed together."

Under the Wisconsin statutes fermented malt beverages are specifically excluded from the definition of intoxicating liquors and are dealt with exclusively in sec. 66.054, Stats. Hence, ch. 176, Stats., and sec. 66.054 are not upon the same matter or subject and are not *in pari materia.*[1]

[1] Sec. 176.01, Stats. "DEFINITIONS. . . . (2) 'Intoxicating liquors' . . . shall not include 'fermented malt beverages' as defined in section 66.054, which contain less than 5 per centum of alcohol by weight."

We determine that the city of Kenosha ordinance, sec. 10.04 (c) (1), is not inconsistent with the provisions of sec. 66.054, Stats., and is a reasonable exercise of the municipal police power.

An action for declaratory judgment should not be dismissed by the trial court. A declaratory adjudication is prayed for and is required by the statute. Sec. 269.56 (1), Stats.; *David A. Ulrich, Inc., v. Saukville* (1959), 7 Wis. (2d) 173, 96 N. W. (2d) 612; *Liddicoat v. Kenosha City Board of Education* (1962), 17 Wis. (2d) 400, 117 N. W. (2d) 369.

*By the Court.*—Judgment appealed from is modified to declare city of Kenosha ordinance, sec. 10.04 (c) (1), constitutional and, as so modified, the judgment is affirmed.