MARQUETTE SAVINGS & LOAN ASSOCIATION, Appellant,
v. VILLAGE OF TWIN LAKES, Respondent.

*February 1—February 27, 1968.*

"···

314

For the appellant there was a brief by *Morrissy, Morrissy, Sweet & Stowe* of Elkhorn, and oral argument by *Lowell E. Sweet.*

For the respondent there was a brief by *Hammond & Tennessen* of Kenosha, and oral argument by *C. A. Tennessen.*

CONNOR T. HANSEN, J. The plaintiff urges us to recognize a property and contract right between the licensee and a third party as paramount to the well-established "privilege" concept that exists between the

licensee and the issuing authority. The adoption of such rationale would permit the licensee and a third party to enter into a contract which would negate the discretionary authority of the licensing board in granting and reviewing such licenses. This would be against public policy.

This court has previously held that an agreement between a lessor and the licensee as to a liquor license cannot affect the jurisdiction conferred upon the city council by statute to act upon license transfers. *Smith v. Whitewater* (1947), 251 Wis. 306, 311, 29 N. W. 2d 33; *Smith v. Whitewater* (1947), 251 Wis. 313, 29 N. W. 2d 37.

The right to hold a liquor license is a privilege that inures to the benefit of the licensee as determined by the exercise of the discretionary authority vested in a licensing board. See *State v. Bayne* (1898), 100 Wis. 35, 38, 75 N. W. 403. This proposition is advanced in 9 McQuillin, *Municipal Corporations* (3d ed.), pp. 508–510, sec. 26.195:

"Sec. 26.195.—As right or privilege.

"There is no vested right to or under a liquor license. There is at most a privilege, personal in character, which, it has been said, is merely to do what otherwise would be, or could be made, an offense, and which is subject to changing regulations, and even to legislative cancellation. A liquor license or permit creates neither a contract nor a property right, and denial of it by a proper authority with discretion in the matter deprives an applicant of neither liberty nor property. But it has been asserted that a liquor licensee has something more than a 'mere privilege.' He is protected by law against arbitrary or discriminatory deprivation of the privilege or right, irrespective of what it is called, that he obtains under the license, particularly where he has paid a large sum for it. Although a lawfully issued liquor license may not be property in the strict legal sense, it has some of the aspects of a property right, and it is reasonable to suppose that the legislature intended that a holder of such a license should have protection from arbitrary interference therewith by a local licensing board."

We see nothing inherently arbitrary and capricious in the fact that the board chose to issue the license to the former licensee rather than the new corporate applicant. This is particularly so when the village board was entirely cognizant of the situation when it decided to reissue the license to the former licensee.

One of the grounds for demurrer was that there is a defect in the parties plaintiff in that the plaintiff did not possess sufficient legal interest in the subject matter or relief sought. We opine that there is merit in this assertion inasmuch as the final judgment in the foreclosure action had been entered April 21, 1966, and also the plaintiff does not occupy the status of an applicant.

However, aside from the merits of the action, which upon the record presently before us, does not support a cause of action, the proper procedure for judicial review of the action of the village board in the case before us would be by way of certiorari.

An examination of ch. 176, Stats., and in particular those sections thereof relating to the issuance of licenses, reveals that there exists no specific provision granting the right of judicial review to an applicant who has been denied a license by the village board.

This court has recently reviewed a series of prior cases that stand for the rule that where there are no statutory provisions for judicial review, the action of the board or commission may be reviewed by writ of certiorari. *State ex rel. Kaczkowski v. Fire & Police Comm.* (1967), 33 Wis. 2d 488, 500–502, 148 N. W. 2d 44, 149 N. W. 2d 547; *Outagamie County v. Smith,* ante, p. 24, 155 N. W. 2d 639 (involving review by declaratory judgment proceedings).

Also in *State ex rel. Kaczkowski v. Fire & Police Comm., supra,* at pages 500–502, Mr. Justice BEILFUSS sets forth in considerable detail the scope of review upon a writ of certiorari.

*By the Court.*—Order affirmed.