Thomas D. NOWELL and Suporn Nowell,
d/b/a IC Willy's, LLC, Plaintiffs-Appellants,†

v.

CITY OF WAUSAU, Defendant-Respondent.

Court of Appeals

*No. 2011AP1045. Submitted on briefs April 3, 2012.
—Decided August 21, 2012.*

2012 WI App 100

(Also reported in 823 N.W.2d 373.)

† Petition for Review filed 10-2-12.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Ryan D. Lister*, Wausau.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Shane J. VanderWaal* of *Pietz, VanderWaal, Stacker & Rottier, S.C.*, Wausau.

Before Hoover, P.J., Peterson and Mangerson, JJ.

¶ 1. MANGERSON, J.   Thomas and Suporn Nowell, d/b/a IC Willy's, LLC, appeal a judgment affirming the City of Wausau's decision not to renew the bar's combined intoxicating liquor and fermented malt beverage license. The circuit court concluded that judicial review of the City's decision under WIS. STAT. § 125.12(2)(d) should be limited to issues reviewable by certiorari.[1] We conclude § 125.12(2)(d) contemplates a de novo review of the City's decision. Accordingly, we reverse and remand for the circuit court to conduct further proceedings.

## BACKGROUND

¶ 2.   On May 25, 2010, the City notified IC Willy's that it intended not to renew the bar's combined beer and liquor license the following month. As justification, the notice cited fifty-one police calls to the premises since October 2009. Fourteen calls were noise complaints, nine of which related to the level of bass emanating from the bar. In addition, the notice cited an earlier fifteen-day suspension for a "Girls Gone Wild" event, as well as multiple citations for disturbing the peace and allowing minors on the premises.

¶ 3.   The following month, the City's public health and safety committee held a hearing at IC Willy's request. The committee recommended nonrenewal af-

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

ter determining that IC Willy's had violated WIS. STAT. § 125.12(2)(ag)1. and 2. The City accepted this recommendation.

¶ 4.   IC Willy's sought judicial review of the City's decision under WIS. STAT. § 125.12(2)(d) and demanded that the circuit court independently determine whether the bar was entitled to renewal. Citing *Marquette Savings & Loan Ass'n v. Village of Twin Lakes*, 38 Wis. 2d 310, 316, 156 N.W.2d 425 (1968), the court concluded that the scope of review under § 125.12(2)(d) is limited to matters reviewable by certiorari. The court determined that the City kept within its jurisdiction, acted according to law, did not act arbitrarily, and based its decision on the evidence before it. IC Willy's appeals, again arguing that § 125.12(2)(d) contemplates de novo review.

## DISCUSSION

¶ 5.   Liquor and beverage license renewals are governed by WIS. STAT. § 125.12(3). This statute permits local authorities to refuse to renew a license for a number of reasons,[2] provided that the municipality has given the licensee notice and the opportunity for a hearing. *Id.* The statute prescribes the manner of the hearing before the governing municipal body and states that judicial review of the municipality's decision "shall be as provided for in sub. (2)(d)."

■

¶ 6.   Determining the scope of review established by WIS. STAT. § 125.12(2)(d) is a matter of statutory interpretation. We begin with the plain language of the

[2] Acceptable reasons for nonrenewal are listed in WIS. STAT. § 125.12(2)(ag)1.-7.

statute. *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. As it pertains to a nonrenewal decision, § 125.12(2)(d) directs that the "procedure on review shall be the same as in civil actions instituted in the circuit court." The party desiring review must file pleadings, which must be served in accordance with WIS. STAT. ch. 801. WIS. STAT. § 125.12(2)(d). The opposing party has twenty days to file an answer, after which "the matter shall be deemed at issue and [a] hearing may be had within [five] days . . . ." *Id.* Paragraph (2)(d) directs that the hearing is to be held before the court without a jury, and gives the court authority to issue subpoenas for witnesses and compel their attendance. The court must file a decision within ten days of the hearing and transmit a copy to each of the parties. *Id.*

¶ 7.   Here, the circuit court concluded WIS. STAT. § 125.12(2)(d) contemplates a certiorari review. Certiorari is an extraordinary remedy that tests the validity of a judicial or quasi-judicial decision. *Acevedo v. City of Kenosha*, 2011 WI App 10, ¶ 8, 331 Wis. 2d 218, 793 N.W.2d 500; *Ottman v. Town of Primrose*, 2011 WI 18, ¶ 34, 332 Wis. 2d 3, 796 N.W.2d 411. The process for obtaining a writ of certiorari bears "no resemblance to the usual processes of courts, by which controversies between parties are settled by judicial tribunals," and there is no "answer" or other opposing pleading. *Merkel v. Village of Germantown*, 218 Wis. 2d 572, 577, 581 N.W.2d 552 (Ct. App. 1998) (citations omitted). "The petition or affidavit upon which the writ issues serves the purpose of an assignment of errors, and no irregularities will be considered except such as are pointed out therein, although they are apparent of record." *Id.* (citation omitted).

¶ 8. WISCONSIN STAT. § 125.12(2)(d) plainly establishes a review process that is incompatible with either common law or statutory certiorari review. Paragraph (2)(d) unambiguously states that on review the court must use the same procedures as in civil actions. However, "[t]he practice[s] applicable to ordinary civil actions [are] not applicable to either common-law or statutory writs of certiorari."³ *State ex rel. Casper v. Board of Trustees*, 30 Wis. 2d 170, 176, 140 N.W.2d 301 (1966). Further, certiorari statutes usually include some provision specifying the manner in which return of the inferior tribunal's record is to be made. *See, e.g.,* WIS. STAT. §§ 59.694(10); 62.23(7)(e)10.; 88.09. No such provisions are found in § 125.12(2)(d). We therefore conclude that paragraph (2)(d) requires a circuit court to independently determine whether a licensee is entitled to renewal.

¶ 9. The City contends we are bound by prior decisions purportedly holding that review under WIS. STAT. § 125.12(2)(d) is by certiorari. In *Marquette Savings & Loan*, 38 Wis. 2d at 316, our supreme court, reviewing a disputed village decision to renew a liquor

---

³ The legislature may, by statute, authorize the taking of additional evidence on certiorari review if necessary for the proper disposition of the matter. *See* WIS. STAT. §§ 59.694(10); 62.23(7)(e)10.; 88.09. However, it may do so only to the extent that the additional evidence is relevant to one of the four matters reviewable on certiorari: (a) whether "the agency kept within its jurisdiction;" (b) whether "the agency acted according to law;" (c) whether "the action was arbitrary, oppressive, or unreasonable;" and (d) whether "the evidence presented was such that the agency might reasonably make the decision it did." *See Merkel v. Village of Germantown*, 218 Wis. 2d 572, 578, 581 N.W.2d 552 (Ct. App. 1998).

license under WIS. STAT. ch. 176 (1967), concluded that certiorari review was appropriate "where there are no statutory provisions for judicial review . . . ."

¶ 10. The City's argument fails, however, because the evolution of the licensing statutes has rendered the court's decision in *Marquette Savings & Loan* obsolete. At the time, licenses for fermented malt beverages and intoxicating liquors were addressed by different sections of the state statutes. *See* WIS. STAT. § 66.054 (1967); WIS. STAT. ch. 176 (1967). Chapter 176, which governed liquor licenses, did not provide a mechanism for judicial review, leading our supreme court to adopt certiorari review in *Marquette Savings & Loan. See* WIS. STAT. § 176.05 (1967). By contrast, WIS. STAT. § 66.054 (1967), which governed licenses for fermented malt beverages, included a provision for court review virtually identical to what is now WIS. STAT. § 125.12(2)(d).[4] *See* WIS. STAT. § 66.054(14) (1967). When the legislature consolidated the statutes governing the sale of alcoholic beverages in 1981, it extended the court review previously available under § 66.054(14) (1967), to both fermented malt beverages and intoxicating liquors, thereby creating a statutory mechanism for review of liquor license decisions. *See* 1981 Wis. Laws, ch. 79, § 8 (creating WIS. STAT. § 125.12(2)(d)); Legislative Council Note 2.k., 1981, WIS. STAT. Ann. § 125.12 (West Supp. 2011). This obviated the need for the courts to graft certiorari review onto the statutory structure.

¶ 11. We recognize this interpretation of WIS. STAT. § 125.12(2)(d) represents a substantial departure

---

[4] Review under WIS. STAT. § 66.054(14) (1967), was limited to decisions granting, revoking, or failing to revoke a license. The legislature has since expanded this review to nonrenewal decisions under WIS. STAT. § 125.12(3).

from ordinary judicial review of a municipality's exercise of the police power. "This court has often recognized the principle that the court will not interfere with the exercise of police power by a municipality unless the illegality of the exercise is clear." *Highway 100 Auto Wreckers, Inc. v. City of West Allis*, 6 Wis. 2d 637, 643, 96 N.W.2d 85 (1959). The decision to issue, revoke, or renew a liquor license is, in particular, "a matter of local concern." *See State ex rel. Smith v. City of Oak Creek*, 139 Wis. 2d 788, 800–01, 407 N.W.2d 901 (1987).[5] Certiorari review preserves the local flavor of the proceedings because a reviewing court may not substitute its judgment for the discretion of the municipality. *State ex rel. Ruffalo v. Common Council of City of Kenosha*, 38 Wis. 2d 518, 525, 157 N.W.2d 568 (1968).

¶ 12. As we have explained, it is evident the legislature intended closer scrutiny of licensing decisions than is provided by traditional certiorari. This was a policy choice the legislature was entitled to make, and we will not second-guess its wisdom. *See Kohn v. Darlington Cmty. Schs.*, 2005 WI 99, ¶ 43, 283 Wis. 2d 1, 698 N.W.2d 794. Licensing can become a "hot potato," pitting certain segments of a community against tavern owners with little political clout. *See State ex rel. Grand Bazaar Liquors, Inc. v. City of Milwaukee*, 105 Wis. 2d 203, 209–10, 313 N.W.2d 805 (1982) (invalidating municipal ordinance that was "supported by special inter-

---

[5] In *State ex rel. Smith v. City of Oak Creek*, 139 Wis. 2d 788, 407 N.W.2d 901 (1987), our supreme court arguably applied the standard governing certiorari review when determining whether a municipality had properly denied the applicant a liquor license under the consolidated licensing laws. *Smith*, however, is not controlling, as the issue we decide here was neither raised nor addressed in that case.

est groups as an anticompetitive measure to keep large retail stores out of the retail liquor business"). Yet tavern owners have the most to lose; "[t]he [owners'] stake . . . is both their occupations and their investments[,] for denial of the renewal of a liquor license bars them not only from selling liquor but substantially impairs the value of their taverns." *Misurelli v. City of Racine*, 346 F.Supp. 43, 48 (E.D. Wis. 1972), *vacated, City of Kenosha v. Bruno*, 412 U.S. 507 (1973). Thus, an owner has a "substantial property interest in retention of his liquor license," since revocation can cause the loss of both income and investments in the physical property. *Manos v. City of Green Bay*, 372 F.Supp. 40, 48–49 (E.D. Wis. 1974). It is entirely possible that the legislature, recognizing those stakes, decided to provide a rapid, politically detached de novo review of municipal licensing decisions.[6]

¶ 13.   We conclude the circuit court erroneously interpreted WIS. STAT. § 125.12(2)(d) to require review by certiorari. This limited IC Willy's opportunity to raise matters and present evidence outside the scope of certiorari review, and incorrectly accorded the City's nonrenewal decision a presumption of correctness. On remand, the circuit court is directed to conduct any additional hearings necessary to exercise its sound discretion on the renewal of IC Willy's license.

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[6] The extraordinarily short time provided by the legislature for judicial review under WIS. STAT. § 125.12(2)(d) supports this inference. In an action for judicial review of a municipality's refusal to renew a license, a decision must be rendered no later than thirty-five days after the initial pleading is filed. *Id.*