# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2011AP1045 |
| COMPLETE TITLE: | Thomas D. Nowell and Suporn Nowell, d/b/a IC Willy's, LLC,<br>            Plaintiffs-Appellants,<br>      v.<br>City of Wausau,<br>            Defendant-Respondent-Petitioner. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 344 Wis. 2d 269, 823 N.W.2d 373
(Ct. App. – Published)
PDC No: 2012 WI App 100

| | |
|---|---|
| OPINION FILED: | November 6, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | September 18, 2013 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Marathon |
| JUDGE: | Gregory E. Grau |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-respondent-petitioner, there were briefs by *Shane J. VanderWaal* and *Pietz, VanderWaal, Stacker & Rottier, S.C.*, Wausau, and *Anne Jacobson*, Wausau city attorney, and oral argument by *Shane J. VanderWaal* and *Anne Jacobson*.

For the plaintiffs-appellants, there was a brief by *Ryan D. Lister*, Wausau, and oral argument by *Ryan D. Lister*.

An amicus curiae brief was filed by *Grant F. Langley*, Milwaukee city attorney; *Adam B. Stephens*, Milwaukee assistant city attorney; *Michael May*, Madison city attorney; *Roger Allen*, Madison assistant city attorney; *Robert Weber*, Racine city

attorney; and *Nicole Loop*, Racine assistant city attorney, on behalf of the cities of Milwaukee, Madison and Racine.

An amicus curiae brief was filed by *Daniel M. Olson*, Madison, on behalf of the League of Wisconsin Municipalities.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2011AP1045
(L.C. No.   2010CV1082)

STATE OF WISCONSIN                      :        IN SUPREME COURT

**Thomas D. Nowell and Suporn Nowell, d/b/a IC Willy's, LLC,**

          **Plaintiffs-Appellants,**

    v.

**City of Wausau,**

          **Defendant-Respondent-Petitioner.**

**FILED**

**NOV 6, 2013**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals.  *Reversed.*

¶1   ANN WALSH BRADLEY, J.     The Petitioner, City of Wausau, seeks review of a published court of appeals decision that reversed a judgment entered by the circuit court affirming the City's decision not to renew Thomas and Suporn Nowell's Class B alcohol license.[1]  The court of appeals determined that the circuit court had employed an incorrect standard of review.

¶2   The City of Wausau argues that the error lies with the court of appeals and not the circuit court.  It contends that the de novo standard of review employed by the court of appeals

---

[1] Nowell v. City of Wausau, 2012 WI App 100, 344 Wis. 2d 269, 823 N.W.2d 373 (reversing judgment of the circuit court for Marathon County, Gregory E. Grau, J., presiding).

is not prescribed by Wis. Stat. § 125.12(2)(d) (2009-10)[2] and is inconsistent with the statute's legislative history, our prior case law, and sound public policy. Instead, it asserts that review of its licensing decisions under Wis. Stat. § 125.12(2)(d) is by certiorari.

¶3 Although the statute does not expressly address which standard of review is to be applied, we are persuaded that an examination of the legislative history, our prior case law, and the public policy underlying the deference due to a municipality's alcohol licensing decision militate in favor of certiorari review. Therefore, we conclude that certiorari is the correct standard of review for a court to apply when, pursuant to Wis. Stat. § 125.12(2)(d), it reviews a municipal decision not to renew an alcohol license. Accordingly, we reverse the court of appeals.

I

¶4 The City of Wausau issued a Class B combined intoxicating liquor and fermented malt beverage license to IC Willy's on October 1, 2009. IC Willy's is a tavern owned by Thomas and Suporn Nowell. Shortly after the license was issued, police began receiving noise complaints.

¶5 In November 2009, after being warned that adult entertainment was not permitted on the premises, IC Willy's hosted a "Girls Gone Wild" event. At the event, officers observed nudity and lewd behavior. The Nowells agreed to a

---

[2] All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated.

voluntary 15-day suspension of their alcohol license, in lieu of revocation and any other citation or fines for the nudity. The City permitted the Nowells to take the suspension in January so that it would not conflict with their New Year's Eve commitments. Thereafter, the Nowells submitted a 16-point plan to address the problems IC Willy's had encountered.

¶6 On May 25, 2010, the City sent the Nowells notice of its intent not to renew their license. The notification indicated that this decision was based on numerous police service calls to the premises, failed compliance checks, and the Nowells' failure to implement the action steps put in place after their earlier suspension. After receiving the notice the Nowells requested a hearing on the non-renewal.

¶7 The City's Public Health and Safety Committee commenced that hearing on June 29, 2010, at 1:00 p.m. The hearing lasted for approximately 14 hours, during which the Committee heard testimony from 18 witnesses and examined 42 exhibits.

¶8 The Committee issued its findings of facts, conclusions of law, and recommendation on June 30, 2010. It found that after the police received four separate complaints, a citation for disturbing the peace was issued to IC Willy's on October 25, 2009. IC Willy's received another citation on November 8, 2009, for the same problem after the police had responded to seven additional complaints for loud music. On November 14, 2009, IC Willy's failed to take action to prevent

3

nudity at its establishment after the police warned that nudity was not permitted.

¶9  The Committee further found that in February 2010 IC Willy's failed compliance checks involving underaged persons on the premises and that IC Willy's received another citation for disturbing the peace on May 8, 2010.  Based on these findings, the Committee recommended that the City Council not renew the Nowells' license.  After hearing additional arguments, the City Council voted to accept the Committee's recommendation.

¶10  On July 12, 2010, the Nowells filed a complaint with the Marathon County Circuit Court requesting judicial review of the City Council's decision pursuant to Wis. Stat. § 125.12(2)(d). The complaint alleged that the City of Wausau denied the Nowells due process of law, unfairly discriminated against them, and precluded them from presenting evidence of disparate treatment. The Nowells sought an order renewing their license and damages for lost income.

¶11  The Nowells asserted that the standard of review was de novo and that the circuit court should independently determine whether they were entitled to have their license renewed.  After reviewing the parties' briefs on the issue, the circuit court issued an oral ruling.  Citing Marquette Savings & Loan Assn. v. Village of Twin Lakes, 38 Wis. 2d 310, 156 N.W.2d 425 (1968), the circuit court stated that "when a circuit court has the authority to review the action of a board or a commission, that review shall be one of certiorari."

4

Accordingly, the circuit court determined that its review was circumscribed by the four prongs of certiorari:

> [1] whether the defendant kept within its jurisdiction; [2] whether it acted according to law; [3] whether its action was arbitrary, oppressive, or unreasonable, and represented its will and not its judgment; and, [4] whether the evidence was such that it might reasonably make the order of determination in question.

It further determined that the Nowells' presentation of evidence would be limited to those issues.

¶12 The circuit court held a two-day hearing on March 3 and 4, 2011. At the hearing, the Nowells advanced the argument that the City had treated it differently than other similarly situated establishments. The Nowells further argued that the City had denied their license renewal because it wanted to give their license to another business. In the alternative, the Nowells asserted that the City did not issue their renewal license because it disliked them and thus was exercising its will and not its judgment. The circuit found that these arguments went to the third prong of certiorari review (whether the City's action was arbitrary, oppressive, or unreasonable, and represented its will, not its judgment), and permitted the Nowells to introduce extensive evidence on these points.

¶13 After considering the evidence, the court affirmed the City's decision not to renew the Nowells' license. Specifically, the circuit court determined that the City Council had acted within its jurisdiction and according to law. Noting the "Girls Gone Wild" event that led to the 15-day suspension, the

5

incidents involving disturbances of the peace, the two failed compliance checks, and the 14 police service calls after October 2009, the circuit court also determined that there was sufficient evidence for the City Council's decision.

¶14 The circuit court then turned to the question of whether the City's actions were arbitrary, oppressive, or unreasonable, and represented its will and not its judgment. It concluded that the Nowells had failed to show that there were similarly situated establishments that were treated differently. Moreover, there was no compelling evidence to support the Nowells' argument that the City was trying to pass their license on to another business. Additionally, the circuit court determined that the efforts by the City to work with the Nowells showed that it was not trying to drive IC Willy's out of business. Therefore, the Nowells' assertion that the City was exercising its will and not its judgment was unpersuasive. Accordingly, the circuit court affirmed the City's decision not to renew the Nowells' license.

¶15 The court of appeals reversed. It concluded that Wis. Stat. § 125.12(2)(d) requires the circuit court to employ a de novo standard of review, independently determining whether a licensee is entitled to renewal. Nowell v. City of Wausau, 2012 WI App 100, ¶8, 344 Wis. 2d 269, 823 N.W.2d 373.

¶16 The court of appeals based its analysis on the requirement in Wis. Stat. § 125.12(2)(d) that the procedure on review shall be the same as in civil actions. Id., ¶6. It noted that the statute calls for pleadings, an answer, and a

6

hearing without a jury, and permits the circuit court to issue subpoenas for witnesses. Id., ¶6. Citing State ex rel. Casper v. Board of Trustees, 30 Wis. 2d 170, 176, 140 N.W.2d 301 (1966), and Merkel v. Village of Germantown, 218 Wis. 2d 572, 577, 581 N.W.2d 552 (Ct. App. 1998), the court stated that the practices applicable to ordinary civil actions are not applicable to certiorari. Id., ¶¶7, 8. It further noted that statutes requiring certiorari usually specify how return of the record is to be made. Id., ¶8. Thus, the court concluded that the procedures in Wis. Stat. § 125.12(2)(d) were incompatible with certiorari review. Id.

¶17 Recognizing that the circuit court had relied on Marquette Savings & Loan, the court of appeals distinguished it on the basis that it was decided before 1981, when Wis. Stat. § 125.12(2)(d) was enacted. Id., ¶10. It noted that this court had issued a decision after 1981, State ex rel. Smith v. City of Oak Creek, 139 Wis. 2d 788, 407 N.W.2d 901 (1987), applying a certiorari analysis to licensing decisions, but determined that that case was not controlling since the issue was not directly raised or addressed. Id., ¶11 n.5.

¶18 The court of appeals acknowledged that its decision "represents a substantial departure from ordinary judicial review of a municipality's exercise of police power." Nowell, 344 Wis. 2d 269, ¶11. However, it stated that "[t]his was a policy choice the legislature was entitled to make." Id., ¶12. The court of appeals asserted that the short timeframes in Wis. Stat. § 125.12(2)(d) supported its analysis. Id., ¶12 n.6.

7

II

¶19 In this case we are asked to determine the appropriate standard of review for a court to apply when, pursuant to Wis. Stat. § 125.12(2)(d), it reviews a municipal decision not to renew an alcohol license. Resolution of this issue requires us to interpret the language of the statute governing revocation, suspension, and refusal to issue or renew alcohol licenses. Statutory interpretation is a question of law, which we review de novo, independently of the determinations rendered by the circuit court and the court of appeals. Zwiefelhofer v. Town of Cooks Valley, 2012 WI 7, ¶20, 338 Wis. 2d 488, 809 N.W.2d 362.

¶20 Statutory interpretation begins with examining the language of the statute. State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes." Id., ¶46.

¶21 When we are unable to discern the answer to our inquiry by an examination of the language of the statute and its context, we examine other interpretive aids. Id., ¶¶50, 51. We may look to legislative history to ascertain the meaning of the statute. Id., ¶51. An examination of our prior case law may likewise illumine how we have previously interpreted or applied the statute. See, e.g., State v. Robert K., 2005 WI 152, ¶30, 286 Wis. 2d 143, 706 N.W.2d 257.

III

¶22 We begin our analysis by examining the text of the relevant statutory provisions. Wisconsin Stat. § 125.12 establishes the authority and the procedures for a municipality or the Department of Revenue to revoke, suspend, or refuse to issue or renew an alcohol license. Subsection (3) of the statute gives licensees an opportunity for a hearing if a municipality intends not to renew their license. It further states that "judicial review shall be as provided in sub. (2) (d)." Wis. Stat. § 125.12(3). Subsection (2)(d) provides in relevant part:

> The procedure on review shall be the same as in civil actions instituted in the circuit court. The person desiring review shall file pleadings, which shall be served on the municipal governing body in the manner provided in ch. 801 for service in civil actions and a copy of the pleadings shall be served on the applicant or licensee. The municipal governing body, applicant or licensee shall have 20 days to file an answer to the complaint. Following filing of the answer, the matter shall be deemed at issue and hearing may be had within 5 days, upon due notice served upon the opposing party. The hearing shall be before the court without a jury. Subpoenas for witnesses may be issued and their attendance compelled. The decision of the court shall be filed within 10 days after the hearing and a copy of the decision shall be transmitted to each of the parties. The decision shall be binding unless it is appealed to the court of appeals.

Wis. Stat. § 125.12(2)(d).

¶23 As noted, the parties dispute whether the standard of judicial review provided by Wis. Stat. § 125.12(2)(d) is certiorari or de novo. "The commonly accepted meaning of a de novo hearing is '[a] new hearing of a matter, conducted as if the original hearing had not taken place.'" Stuligross v.

<u>Stuligross</u>, 2009 WI App 25, ¶12, 316 Wis. 2d 344, 763 N.W.2d 245 (quoting Black's Law Dictionary 738 (8th ed. 2004)). It gives no presumption of correctness to the record below, according no deference to the municipality's decision.

¶24 Statutory certiorari review, on the other hand, accords a presumption of correctness and validity to the prior decision. <u>Ottman v. Primrose</u>, 2011 WI 18, ¶48, 332 Wis. 2d 3, 796 N.W.2d 411. Thus, the scope of certiorari review is limited to:

> 1) whether the [municipality] kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question.

<u>State ex rel. Brookside Poultry Farms, Inc. v. Jefferson Cnty. Bd. of Adjustment</u>, 131 Wis. 2d 101, 119-20, 388 N.W.2d 593 (1986).

¶25 Although Wis. Stat. § 125.12(2)(d) dictates the procedure for judicial review, it is silent on which standard of review the circuit court is to employ. As discussed below, an examination of the procedures required by the statute likewise does not indicate whether a de novo or certiorari review was intended.

¶26 Wisconsin Stat. § 125.12(2)(d) states that "the procedure on review shall be the same as in civil actions." This requirement is not inconsistent with certiorari review because statutes, most notably Wis. Stat. § 801.02(5),

specifically permit the procedures for civil actions to be applied to certiorari proceedings.

¶27 Wisconsin Stat. § 801.02(5) states that: "[a]n action seeking a remedy available by certiorari . . . may be commenced under sub. (1), by service of an appropriate original writ on the defendant . . . or by filing a complaint demanding and specifying the remedy . . . ." As we have previously stated, the phrase "under sub. (1)" "refers to the summons and complaint process specified in sec. 801.02(1) for the commencement of all civil actions." State ex rel. Dep't of Natural Resources v. Walworth Cnty. Bd. of Adjustment, 170 Wis. 2d 406, 415, 489 N.W.2d 631 (Ct. App. 1992) (citing Tobler v. Door Cnty., 158 Wis. 2d 19, 23, 461 N.W.2d 775 (1990)). Thus, contrary to the court of appeals' assertions, practices applicable to ordinary civil actions may apply to certiorari proceedings.

¶28 The court of appeals' conclusion that the procedures for civil actions are incompatible with certiorari review was based on two cases that are not persuasive here. The court of appeals cited Merkel v. Village of Germantown, 218 Wis. 2d 572, 577, 581 N.W.2d 552 (Ct. App. 1998), for its statement that "[t]he process for obtaining a writ of certiorari bears 'no resemblance to the usual processes of courts . . . .'" Nowell, 344 Wis. 2d 269, ¶7. However, the discussion in Merkel was limited to actions commenced by a writ.[3] As noted above, "[t]he

---

[3] Although Merkel was decided in 1998, its discussion of the "processes" of a writ of certiorari relies on cases that predate the 1981 amendments to chapter 801 providing for an alternative to the writ. Merkel v. Village of Germantown, 218 Wis. 2d 572,

11

use of a writ is not necessary" when seeking the method of certiorari. Wis. Stat. § 781.01; see also Judicial Council Notes to § 801.02, Stats. Ch. 289, Laws of 1981 ("Any remedy available by use of a writ may also be included in a judgment or order rendered in an ordinary action in circuit court."). Thus, Merkel does not imply that the reference to procedures in civil actions contained in Wis. Stat. § 125.12(2)(d) precludes certiorari review.

¶29 The court of appeals also cited State ex rel. Casper v. Board of Trustees, 30 Wis. 2d 170, 176, 140 N.W.2d 301 (1966), for its statement that "[t]he practice[s] applicable to ordinary civil actions [are] not applicable to either common-law or statutory writs of certiorari." Nowell, 344 Wis. 2d 269, ¶8. Again, Casper was about writ procedure. Notably, it was also written prior to the amendments to Wis. Stat. § 801.02 that explicitly allowed certiorari to be commenced through a summons and complaint. Ch. 289, Laws of 1981. Thus, neither Merkel nor Casper provides authority for the conclusion that review under Wis. Stat. § 125.12(2)(d) must be de novo.

¶30 The provision in Wis. Stat. § 125.12(2)(d) permitting reviewing courts to issue subpoenas for witnesses also fails to shed light on whether de novo or certiorari review was intended. Common law certiorari, which is available when there is no

---

577-78, 581 N.W.2d 552 (Ct. App. 1998) (citing Coleman v. Percy, 86 Wis. 2d 336, 272 N.W.2d 118 (Ct. App. 1978), aff'd, 96 Wis. 2d 578, 292 N.W.2d 615 (1980); State ex rel. Gaster v. Whitcher, 117 Wis. 668, 94 N.W. 787 (1903)).

express statutory method of review, is limited to the record compiled by the municipality. Ottman, 332 Wis. 2d 3, ¶35. However, when certiorari review is conducted pursuant to a statute, the statute may limit or enlarge the scope of review. Id., ¶36; see also State ex rel. Ruthenberg v. Annuity & Pension Bd., 89 Wis. 2d 463, 473, 278 N.W.2d 835 (1979). Accordingly, some statutes providing certiorari review explicitly permit the reviewing court to take evidence. Brookside Poultry Farms, 131 Wis. 2d at 120; see, e.g., Wis. Stat. § 88.09; Wis. Stat. § 62.23(7)(e)(10); Wis. Stat. § 59.694(10).

¶31 The court of appeals relied on the "extraordinarily short time" in Wis. Stat. § 125.12(2)(d) to support its conclusion that the circuit court should have conducted a de novo review. It noted that "[i]t is entirely possible that the legislature, recognizing [that tavern owners are at risk of losing their businesses], decided to provide a rapid, politically detached de novo review of municipal licensing decisions." Nowell, 344 Wis. 2d 269, ¶12. To the extent Wis. Stat. § 125.12(2)(d) provides a short timeframe for review, it is equally reasonable to interpret the timeframe as indicating review by certiorari, which generally involves a more truncated proceeding than a de novo review.

¶32 Likewise, the lack of instruction for return of the record in Wis. Stat. § 125.12(2)(d) fails to indicate a preference for de novo review. "'Return' is a long-standing term of art that refers to the official record of the body whose decision is being reviewed and which must be filed with the

13

reviewing court in a certiorari action." Bergstrom v. Polk County, 2011 WI App 20, ¶29, 331 Wis. 2d 678, 795 N.W.2d 482. Wisconsin has a general statute requiring transmittal of the record to the reviewing court for actions seeking certiorari review, Wis. Stat. § 781.03(1). Accordingly, specific instructions in Wis. Stat. § 125.12(2)(d) are not required to ensure that the court has the record to review. Notably, other statutes explicitly requiring certiorari review do not include such instructions. See, e.g., Wis. Stat. § 70.47(13).

¶33 Having determined that the language of Wis. Stat. § 125.12(2)(d) does not establish what method of judicial review to employ, we turn to its context to inform our analysis. See Kalal, 271 Wis. 2d 633, ¶46. Here, the context of Wis. Stat. § 125.12(2)(d) suggests that certiorari review is appropriate.

¶34 Wisconsin Stat. § 125.12 establishes authority and procedures for a municipality or the Department of Revenue to make alcohol licensing decisions. The judicial review described in Wis. Stat. § 125.12(2)(d) covers municipality decisions "granting or failing to grant, suspending or revoking any license, or the failure of any municipal governing body to revoke or suspend any license for good cause." Wis. Stat. § 125.12(2)(d).

¶35 Although this case deals with non-renewal of a license, the fact that Wis. Stat. § 125.12(2)(d) also covers decisions to grant or deny a new license is significant.

14

Wisconsin Stat. § 125.12(2)(ag)[4] limits a municipality's ability to revoke, suspend, or not renew a license to the reasons

---

[4] Wisconsin Stat. § 125.12(2)(ag) states that a complaint against a licensee may be based upon an allegation that:

1. The person has violated this chapter or municipal regulations adopted under s. 125.10.

2. The person keeps or maintains a disorderly or riotous, indecent or improper house.

3. The person has sold or given away alcohol beverages to known habitual drunkards.

4. The person does not possess the qualifications required under this chapter to hold the license.

5. The person has been convicted of manufacturing, distributing or delivering a controlled substance or controlled substance analog under s. 961.41(1); of possessing, with intent to manufacture, distribute or deliver, a controlled substance or controlled substance analog under s. 961.41(1m); or of possessing, with intent to manufacture, distribute or deliver, or of manufacturing, distributing or delivering a controlled substance or controlled substance analog under a substantially similar federal law or a substantially similar law of another state.

5m. The person has been convicted of possessing any of the materials listed in s. 961.65 with intent to manufacture methamphetamine under that subsection or under a federal law or a law of another state that is substantially similar to s. 961.65.

6. The person knowingly allows another person, who is on the premises for which the license under this chapter is issued, to possess, with the intent to manufacture, distribute or deliver, or to manufacture, distribute or deliver a controlled substance or controlled substance analog.

6m. The person knowingly allows another person, who is on the premises for which the license under this chapter is issued, to possess any of the materials

15

enumerated therein. In contrast, a municipality's decision to grant or deny a new license is unconstrained. <u>See</u> Wis. Stat. § 125.12(3m)[5]; <u>see also</u> Wis. Stat. § 125.51(1)(a) ("Every municipal governing body may grant and issue 'Class A' and 'Class B' licenses . . . as the issuing municipal governing body deems proper.").

¶36 The lack of restriction on municipality decisions to grant or deny licenses is consistent with the historic view that "the granting of a liquor license is a legislative function." <u>State ex rel. Ruffalo v. Common Council</u>, 38 Wis. 2d 518, 524, 157 N.W.2d 568 (1968). It is well established that legislative power may not be delegated to the circuit courts. <u>City of Beloit v. Town of Beloit</u>, 37 Wis. 2d 637, 644, 155 N.W.2d 633 (1968). Permitting a circuit court to determine de novo whether a liquor license should be granted would, in essence, improperly transfer that legislative function from the municipality to the court. In light of this context, it appears inappropriate to interpret § 125.12(2)(d) to require de novo review.

---

listed in s. 961.65 with the intent to manufacture methamphetamine.

7. The person received the benefit from an act prohibited under s. 125.33(11).

[5] Wisconsin Stat. § 125.12(3m) states, in full: "Refusals by local authorities to issue licenses. If a municipal governing body or duly authorized committee of a city council decides not to issue a new license under this chapter, it shall notify the applicant for the new license of the decision not to issue the license. The notice shall be in writing and state the reasons for the decision."

¶37 As part of context, we also consider surrounding and closely related statutory provisions. One such provision, Wis. Stat. § 125.12(5), empowers the Department of Revenue to revoke, suspend, or refuse to renew alcohol permits after a hearing. The statute specifies that such action is a contested case under chapter 227. See Wis. Stat. § 227.52(1). Judicial review of contested cases is generally by certiorari. Wisconsin's Environmental Decade, Inc. v. Public Service Comm'n, 79 Wis. 2d 161, 170, 255 N.W.2d 917 (1977). It would seem inconsistent to interpret Wis. Stat. § 125.12(2)(d) to provide for de novo review of a municipality's decision on an alcohol license in light of the fact that Department of Revenue permit decisions under Wis. Stat. § 125.12(5) are reviewed via certiorari.

¶38 Despite the indications that certiorari review is the appropriate method of judicial review, neither the plain language of Wis. Stat. § 125.12(2)(d) nor its context is dispositive on whether certiorari or de novo review is required.

¶39 Here, the legislative history is informative. In 1981, the legislature created Chapter 125, which combined the regulations governing fermented malt beverages (Wis. Stat. §§ 66.054-66.057) with the regulation of intoxicating liquors (ch. 176). Prior to this combination, Wis. Stat. § 66.054(14) provided for judicial review and used language similar to that which is now found in § 125.12(2)(d). In contrast, Chapter 176, which previously governed intoxicating liquors, made no mention of a standard for judicial review.

17

¶40   When the legislature combined those regulations into Chapter 125, it included a prefatory note stating:

This bill is the product of the legislative council's special committee on the recodification of alcohol beverage laws. The special committee was directed under the terms of 1977 assembly joint resolution 82, to undertake the recodification of the laws governing the sale and taxation of alcohol beverages, but to refrain from making substantive revisions of those laws.

Ch. 79, Laws of 1981 at 649.   The note explains that the bill repeals the two prior chapters regulating alcohol beverages and combines them into the new chapter 125.   Id. at 650.   In addition to the reorganization, the bill made changes to "reflect current interpretations and practices."   Id.

¶41   While there are no cases prior to 1981 interpreting the type of review courts applied to license decisions under Wis. Stat. § 66.054(14), courts reviewing municipal decisions on liquor licenses under Chapter 176 used certiorari review.   See Marquette Savings & Loan, 38 Wis. 2d at 316 (standard of review for actions of a Village relative to the issuance of a Class B liquor license was certiorari); State ex rel. Ruffalo, 38 Wis. 2d at 525 (review of a denial of a renewal of a Class B liquor license was limited to "determining whether the action of the licensing authority was arbitrary, capricious or discriminatory."); Boroo v. Town Board of Barnes, 10 Wis. 2d 153, 160-61, 102 N.W.2d 238 (1960) (courts should review a municipality's decision to deny a renewal Class B liquor license to determine if the municipality acted capriciously and there

18

was an abuse of discretion); Rawn v. City of Superior, 242 Wis. 632, 636-37, 9 N.W.2d 87 (1943) (the decision to grant or deny a Class B liquor license is committed to the sound discretion of the municipal governing body).

¶42 In this context, the legislature's statements that it was not making substantive changes to the laws governing the sale of alcohol and that the changes were meant to reflect current interpretations and practices evince an intent that certiorari review under Wis. Stat. § 125.12(d)(2) is the proper standard.

¶43 Consistent with this intent, decisions issued by this court and the court of appeals after Wis. Stat. § 125.12(2)(d) was enacted have utilized certiorari review when reviewing municipality licensing decisions. See, e.g., State ex rel. Smith v. City of Oak Creek, 139 Wis. 2d 788, 407 N.W.2d 901 (1987) (analyzing the definition of a habitual law offender in the context of a certiorari appeal from a decision to not renew a Class B alcohol license); Park 6 LLC v. City of Racine, 2012 WI App 123, ¶6, 344 Wis. 2d 661, 824 N.W.2d 903 (analyzing validity of a liquor license revocation by the City of Racine under a certiorari review standard); Questions, Inc. v. City of Milwaukee, 2011 WI App 126, ¶13, 336 Wis. 2d 654, 807 N.W.2d 131 (court of appeals, under the assumption that review was by certiorari, analyzed the renewal of a Class B alcohol license).[6]

---

[6] Furthermore, as detailed by the amici, certiorari review has generally been the standard employed by the circuit courts. In Milwaukee, all seven of the licensees seeking judicial review since 2010, but prior to Nowell, received certiorari review. In

19

¶44 Indeed, as recently as last year, this court applied a certiorari analysis in a review of a municipality's decision not to renew an alcohol license. Wisconsin Dolls, LLC v. Town of Dell Prairie, 2012 WI 76, ¶¶18-19, 342 Wis. 2d 350, 815 N.W.2d 690. While the standard of review was not directly at issue in Wisconsin Dolls, it was the basis for our analysis.

¶45 Furthermore, those decisions are supported by strong public policy. Historically, regulation of the sale of alcohol has been viewed as a matter of local concern. State ex rel. Smith v. City of Oak Creek, 139 Wis. 2d at 800-01. It is part of the police power granted to the city council under Wis. Stat. § 62.11(5)[7], which may "be limited only by express language." See Odelberg v. City of Kenosha, 20 Wis. 2d 346, 349, 122 N.W.2d 435 (1963).

---

Racine, of the five appeals taken to the circuit court since 2006, four were conducted pursuant to the certiorari standard. The other appeal, which was taken after Nowell, received a de novo review. However, at least one case issued by the Dane County Circuit Court, Bourbon Street Grille, Inc. v. City of Monona, 09-CV-862 (Wis. Cir. Ct. Dane Cnty. Nov. 16, 2009), has used de novo review.

[7] Wisconsin Stat. § 62.11(5) provides: "Powers. Except as elsewhere in the statutes specifically provided, the council shall have the management and control of the city property, finances, highways, navigable waters, and the public service, and shall have power to act for the government and good order of the city, for its commercial benefit, and for the health, safety, and welfare of the public, and may carry out its powers by license, regulation, suppression, borrowing of money, tax levy, appropriation, fine, imprisonment, confiscation, and other necessary or convenient means. The powers hereby conferred shall be in addition to all other grants, and shall be limited only by express language."

¶46 As the court of appeals noted, interpreting Wis. Stat. § 125.12(2)(d) to require a de novo review "represents a substantial departure from ordinary judicial review of a municipality's exercise of the police power." Nowell, 344 Wis. 2d 269, ¶11. A municipality's exercise of its police power has traditionally been accorded deference by reviewing courts. See Highway 100 Auto Wreckers, Inc. v. City of West Allis, 6 Wis. 2d 637, 643, 96 N.W.2d 85 (1959). As this court has explained, when reviewing the exercise of that power:

> It is to be remembered that we are dealing with one of the most essential powers of government, one that is the least limitable. It may, indeed, seem harsh in its exercise, usually is on some individual, but the imperative necessity for its existence precludes any limitation upon it when not exerted arbitrarily.

La Crosse Rendering Works, Inc. v. City of La Crosse, 231 Wis. 438, 448, 285 N.W. 393 (1939) (citing Chicago & Alton R.R. Co. v. Tranbarger, 238 U.S. 67, 78 (1915)).

¶47 Both this court and the U.S. Supreme Court have recognized the particularly strong nature of the police power to regulate alcohol: "the states, under the broad sweep of the Twenty-first Amendment, are endowed with 'something more than the normal' police power in regulating the sale of liquor in the interests of the public health, safety, morals, and general welfare." State ex rel. Grand Bazaar Liquors, Inc. v. City of Milwaukee, 105 Wis. 2d 203, 217, 313 N.W.2d 805 (1982) (citing California v. LaRue, 409 U.S. 109, 114 (1972)). Through statutory authority, the State has granted this power to the

21

municipalities.  See Wis. Stat. § 62.11(5).  This court has further explained that:

> [T]he justifications for the near-plenary police power that a unit of government has to regulate alcohol sales . . . may be summed up as resting upon the fundamental principle that society has an inherent right to protect itself; . . . that the sobriety, health, peace, comfort, and happiness of society demand reasonable regulation, if not entire prohibition, of the liquor traffic.  Unrestricted, it leads to drunkenness, poverty, lawlessness, vice, and crime of almost every description.  Against this result society has the inherent right to protect itself . . . .

Eichenseer v. Madison-Dane Cnty. Tavern League, 2008 WI 38, 54, 308 Wis. 2d 684, 716, 748 N.W.2d 154 (quoting Odelberg, 20 Wis. 2d at 350).  These policy considerations suggest that certiorari review is appropriate as it serves to keep alcohol licensing decisions within the control of the municipality by according deference to its decisions.

¶48  For the reasons discussed above, we conclude that certiorari is the proper standard of review for a licensing decision under Wis. Stat. § 125.25(2)(d).  In such proceedings, circuit courts are properly limited to determining:

> (1) whether the [municipality] kept within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question.

State ex rel. Brookside Poultry Farms, 131 Wis. 2d at 119-20.  Although Wis. Stat. § 125.12(2)(d) dictates the procedures a circuit court is to follow, it does not indicate that the issues

22

the circuit court is to address have changed. As we discussed in Ottman, "unless the statute providing for certiorari further limits or enlarges the scope of review, the reviewing court makes the same four inquiries that are made under common law certiorari review." Ottman, 332 Wis. 2d 3, ¶36. Whereas Wis. Stat. § 125.12(2)(d) does not enlarge the scope of issues the circuit court is to address, the evidence the court takes should be relevant to one of the four prongs of certiorari review.[8] As illustrated by the facts of this case, such an approach accords a licensee broad latitude to introduce evidence under prong three. At the same time, it accords the appropriate deference to the municipality's exercise of its police powers.

¶49 In this case the circuit court was correct to conduct a certiorari review and address each of the four prongs. On

---

[8] We note that in Klinger v. Oneida County, 149 Wis. 2d 838, 847, 440 N.W.2d 348 (1989), we suggested that when conducting certiorari review under Wis. Stat. § 59.99(10) it may be appropriate to take evidence:

> when the record before the Board is incomplete because the aggrieved party was refused an opportunity to be fully heard or the Board excluded relevant evidence; when good and sufficient cause is shown for the failure to have offered the evidence to the Board; when the record presented to the circuit court does not contain all the evidence actually presented to the Board; when the Board's record fails to present the hearing in sufficient scope to determine the merits of the appeal; and when new evidence is discovered after the Board's proceedings were closed.

Our decision here is not meant to affect the analysis in Klinger, which was based on different statutory language and which was discussing the circumstances in which evidence could be taken, as opposed to the issues the evidence should address.

23

prongs one and two, the court determined that the City Council had complied with Wis. Stat. § 125.12 and, thus, had acted within its jurisdiction and according to law. Pursuant to prong four, the circuit court considered the evidence presented to the Committee and determined that there was sufficient evidence for the City Council's decision.

¶50 The circuit court devoted a substantial amount of time to considering the third prong of certiorari. Consistent with the statutory requirements, it gave the Nowells broad latitude to introduce evidence relating to their disparate treatment argument. Likewise, it permitted them to present evidence relating to their arguments that the City did not renew their license because it did not like them and because it wanted to give their license to another business.

¶51 After receiving this evidence, the court determined that the Nowells had failed to show that there were similarly situated establishments that were treated differently. It also determined that there was no compelling evidence to support the Nowells' argument that the City was trying to pass their license on to another business or that the City was trying to drive IC Willy's out of business. Therefore, the court concluded that the City had reasonably exercised its judgment, and affirmed the City's decision not to renew the Nowells' license.

¶52 We agree with the circuit court. The City Council acted within its jurisdiction and followed Wis. Stat. § 125.12. The Nowells did not show that the municipality treated them differently than similarly situated establishments, or show that

24

the City Council exercised its will and not its judgment. Further, for the reasons stated by the circuit court we also conclude that there was sufficient evidence to support the City Council's decision not to renew the Nowells' license.

¶53 The circuit court's review was correct given the deference due to the municipality's exercise of its police power and the fact that alcohol licensing decisions are a matter of local concern. As such, the court of appeals erred when it determined that Wis. Stat. § 125.12(2)(d) requires a circuit court to conduct a de novo review of a municipality's decision not to renew an alcohol license.

IV

¶54 In sum, although the statute does not expressly address which standard of review is to be applied, we are persuaded that an examination of the legislative history, our prior case law, and the public policy underlying the deference due to a municipality's alcohol licensing decisions militate in favor of certiorari review. Therefore, we conclude that certiorari is the correct standard of review for a court to apply when, pursuant to Wis. Stat. § 125.12(2)(d), it reviews a municipal decision not to renew an alcohol license. Accordingly, we reverse the court of appeals.

*By the Court*.—The decision of the court of appeals is reversed.