In re the Estate of Paul R. Sharpley Sr.:
Paul R. Sharpley Jr., Appellant,†

v.

Paul R. Sharpley III, Respondent.

Court of Appeals

*No. 01–2167. Submitted on briefs May 28, 2002.—Decided July 3, 2002.*

## 2002 WI App 201

(Also reported in 653 N.W.2d 124.)

† Petition to review denied 9-26-02.

On behalf of the appellant, the cause was submitted on the briefs of *Leonard G. Adent* of *Adent Law Offices,* Waukesha.

On behalf of the respondent, the cause was submitted on the brief of *Daniel W. Stevens* of *Stevens & Kroening LLC,* Menomonee Falls.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. ANDERSON, J.   Paul R. Sharpley Jr. appeals from a judgment admitting his father Paul R. Sharpley Sr.'s will to probate and holding that there was no undue influence in the making of Paul Sr.'s will that disinherited Paul Jr. and gave the entire estate to Paul Sr.'s grandson, Paul R. Sharpley III. Paul Jr. contends that the trial court erred when on the morning of trial, it granted Paul III's motion to strike the jury on the grounds that a party is not entitled to a jury trial in a will contest. Paul Jr. also complains that after the trial court ordered a bench trial, it should have recused itself because it had "prejudged the case." On both contentions, we disagree. Therefore, we affirm.

¶ 2.  On October 7, 1999, Paul Sr. executed a will. In his will, he disinherited his son Paul Jr., leaving all of his property to his grandson Paul III. Paul Sr. died on May 18, 2000. Thereafter, Paul Jr. filed a petition to set aside the will on the grounds of undue influence. Paul III filed a petition for administration. Paul Jr. filed a timely jury demand. A pretrial conference was held on November 20, 2000, and the matter was scheduled for a jury trial to begin on June 12, 2001.

¶ 3.  On day one of the trial, before the jury was impaneled, Paul III made a motion to strike the jury, informing the trial court, Judge Marianne Becker, that he believed under *Bermke v. Security First National Bank of Sheboygan*, 48 Wis. 2d 17, 179 N.W.2d 881 (1970), the matter was not properly tried to a jury. After reviewing *Bermke*, the trial court agreed with Paul III and held that a party is not entitled to a jury trial in a will contest. The trial court decided to continue the trial as a bench trial. Paul Jr. objected to a bench trial, arguing that even if he was not entitled to a jury trial, Paul III had waived his right to object to a trial by jury by first doing so on the morning of trial. Additionally, Paul Jr. objected to Judge Becker conducting the bench trial and requested that she recuse herself on the basis that she had previously participated in settlement negotiations, dismissed a guardianship petition for Paul Sr. and presided over other actions involving one or more of the principal parties. Judge Becker determined that she was not prejudiced or biased against any litigant in the case and thus did not recuse herself from the case.

¶ 4.  After a four-day bench trial, the trial court issued its decision. In its written findings of fact, the trial court stated:

Undue influence on the testator, Paul R. Sharpley, Sr. was not present. Paul R. Sharpley, III did not exercise-

155

undue influence on Paul R. Sharpley, Sr. Paul R. Sharpley, Sr. was not in fear of Paul R. Sharpley, III at the time of the execution of the will.

The trial court concluded that Paul Jr. did not meet the clear, satisfactory and convincing burden of proof required to establish his contentions of undue influence and ordered the will of Paul Sr. admitted to probate. Paul Jr. appeals.

¶ 5. On appeal, we uphold a trial court's factual findings unless clearly erroneous. WIS. STAT. § 805.17(2) (1999–2000); *DeThorne v. Gibson*, 163 Wis. 2d 387, 390, 471 N.W.2d 780 (Ct. App. 1991). Upon review of the record, we uphold the trial court's factual findings because they are not clearly erroneous. In addition, Paul Jr. abandons the argument made below that Paul Sr.'s will was invalid due to undue influence. Because this argument was not renewed on appeal, it is accordingly deemed abandoned and we need not address it. *A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998).

¶ 6. Paul Jr. confines his appellate arguments to claims of trial court error. He claims that the trial court erred in granting Paul III's motion to strike the jury. He also complains that after the trial court struck the jury and ordered a bench trial, it should have recused itself because it had "prejudged the case."

¶ 7. First, the trial court did not err in granting Paul III's motion to strike the jury under the rule of *Bermke*. In *Bermke*, the objectors claimed that since undue influence is a question of fact, the issue must be tried by a jury. *Bermke*, 48 Wis. 2d at 22. Highlighting the distinct history of probate law, our supreme court strongly disagreed:

It has been well settled in this state for one hundred years that *there is no right to a trial by jury in a will contest.* Probate originated in early ecclesiastical courts in respect to personal property and in the King's courts in respect to real estate and there was no right to a trial by jury. The constitution does not grant such right and our legislature has not by statute granted such a right in probate. There is no merit in the argument that every fact question must be tried by a jury.

*Id.* (citations omitted; emphasis added).

¶ 8. Paul Jr. argues that the supreme court's decision in *Bermke* was "erroneous and unfairly prejudicial." He contends that *Bermke* has been superseded by Wis. Stat. § 879.45(1), which currently states that "[j]ury trials may be had in court in all cases in which a jury trial may be had of similar issues under s. 805.01(1)."[1] Sec. 879.45(1) (1999–2000). He claims that § 879.45 was enacted one year after the 1970 *Bermke* decision. He argues that the legislature in enacting statutes is presumed to do so with full knowledge and awareness of existing law and therefore "it may be presumed [§ 879.45(1)] was enacted in response" to the *Bermke* decision. He concludes that the legislature, via § 879.45(1), meant to provide for jury trials in probate court on will contest claims of undue influence. Paul Jr. is wrong.

¶ 9. Contrary to Paul Jr.'s claim, Wis. Stat. § 879.45 was not enacted one year after the *Bermke* decision. *Bermke* was decided in 1970 and, while § 879.45(1) became effective in 1971, it was *enacted* in 1969, one year *before* the *Bermke* decision.

---

[1] WISCONSIN STAT. § 805.01(1) (1999–2000) provides:

The right of trial by jury as declared in article I, section 5, of the constitution or as given by a statute and the right of trial by the court shall be preserved to the parties inviolate.

Laws of 1969, ch. 339, §§ 26, 28. There can be no presumption that the enactment of § 879.45 was a legislative response to *Bermke*—our legislature has many talents; prescience is not one of them.

¶ 10. Furthermore, the legislative comment, which accompanies the 1969 enactment of WIS. STAT. § 879.45, states: "This section *retains the existing statute* [i.e., WIS. STAT. § 270.07] on jury trials in probate court." Laws of 1969, ch. 339, § 26 (emphasis added). Neither the current § 879.45 nor the preceding § 270.07 has been interpreted by our supreme court to confer the right to a jury trial in a will contest.

¶ 11. Paul Jr. also argues that *Bermke* was overruled by *Wickert v. Burggraf*, 214 Wis. 2d 426, 570 N.W.2d 889 (Ct. App. 1997). We disagree. *Wickert* is distinguishable from the case at bar. *Wickert* dealt with a civil action alleging the tort of intentional interference with an expected inheritance. *Id.* at 428–29. We appreciate Paul Jr.'s argument that his will contest is very much like the tort action in *Wickert*. However, in crucial respects, it is also very different. Most notably, the type of remedy in a tort case is damages against those who interfered with the expected inheritance. In a probate case, the remedy is the setting aside of the will.

■

¶ 12. The history of WIS. STAT. § 879.45(1) reveals that the type of remedy is integral in determining whether a litigant is entitled to a jury trial. Section 879.45(1) was enacted in 1969. At that time and through 1973, we see that not only was § 879.45(1) meant to retain WIS. STAT. § 270.07, it also referred directly to it:

> GENERALLY. Jury trials may be had in probate court in all cases in which a jury trial may be had of similar issues under s. 270.07.

Section 270.07 provided:

> (1) *An issue of fact in an action for the recovery of money only, or of real or personal property . . . must be tried by a jury* except as otherwise provided in this chapter and except that equitable defenses or counterclaims are triable by the court. Every other issue must be tried by the court, but the court may order the whole issue or any specific question of fact involved therein to be tried by a jury; or may refer an issue . . . . (Emphasis added.)

Then, in 1975, § 270.07 ceased to exist and Wis. Stat. § 805.01 was enacted by supreme court order. S. Ct. Order, 67 Wis. 2d 689 (eff. 1976). Judicial Council Committee notes on § 805.01 disclose that subsec. (1) of § 805.01 "is the counterpart of s. 270.07." Judicial Council Committee's Note, 1974. Since the former § 270.07 provided that actions to recover "money only, or of real or personal property . . . must be tried by a jury" and since the history of the current § 805.01 provides that the statute is the counterpart of former § 270.07, it follows that the same principle is meant to apply under the current statute. Paul Jr. did not seek damages of money or of real or personal property; he sought to set aside Paul Sr.'s will. The setting aside of a will is not the type of remedy that triggers entitlement to a jury trial. The rule of *Bermke* states the current law: a party is not entitled to a jury trial in a will contest.

¶ 13. In a final attempt to support his claim that he was entitled to a trial by jury, Paul Jr. argues that the trial court erred in not finding that Paul III had waived his right to object to a jury trial. The waiver rule is one addressed to the efficient administration of judicial business. *State v. Nichelson*, 220 Wis. 2d 214, 229, 582

N.W.2d 460 (Ct. App. 1998). Courts have discretion to determine whether a finding of waiver is appropriate. *State v. Erickson*, 227 Wis. 2d 758, 766, 596 N.W.2d 749 (1999). A discretionary determination is the product of a rational mental process by which the facts of record and law relied upon are stated and considered together for the purpose of achieving a reasoned and reasonable decision. *State v. Verhagen*, 198 Wis. 2d 177, 191, 542 N.W.2d 189 (Ct. App. 1995). We will not reverse a trial court's discretionary determination if the record reflects that discretion was truly exercised; in fact, we will look for reasons to sustain the decision. *Id.* The trial court did not find waiver and did not err in proceeding immediately to the bench trial after holding that a jury trial was not proper. It noted that the jury had not yet been impaneled and therefore valuable citizen and judicial resources had not been squandered. Upon review, we determine no reason to upset the trial court's discretionary decision on waiver.

¶ 14. We now address Paul Jr.'s argument that Judge Becker should have recused herself once she decided that the matter would be tried to the court because he believes she had "prejudged the case." Paul Jr. bases his argument on the fact that Judge Becker conducted settlement talks with the parties while everyone still thought the matter would be tried to a jury. He also bases this argument on the fact that Judge Becker presided at a competency hearing in a guardianship proceeding involving Paul Sr.

¶ 15. The mandatory disqualification statute, Wis. Stat. § 757.19(2) (1999–2000), establishes seven situations in which a judge must disqualify himself or herself from an action or proceeding.[2] *State v. Am. TV &*

---

[2] Wisconsin Stat. § 757.19(2) (1999–2000) states:

*Appliance of Madison, Inc.*, 151 Wis. 2d 175, 181–82, 443 N.W.2d 662 (1989). The first six of these situations are susceptible of objective determination, that is, without recourse to the judge's state of mind. *Id.* at 182. For example, para. (a) requires disqualification when a judge is related to any party or counsel to a party or the spouse of any party or counsel within the third degree of kinship. *Id.* The effect, if any, of such a relationship upon a judge's ability to act impartially in a case is immaterial; the very existence of the relationship creates a disqualification by law. *Id.* The same type of objective determination applies to the situations described in paras. (b) through (f). *Id.*

(2) Any judge shall disqualify himself or herself from any civil or criminal action or proceeding when one of the following situations occurs:

(a) When a judge is related to any party or counsel thereto or their spouses within the 3rd degree of kinship.

(b) When a judge is a party or a material witness, except that a judge need not disqualify himself or herself if the judge determines that any pleading purporting to make him or her a party is false, sham or frivolous.

(c) When a judge previously acted as counsel to any party in the same action or proceeding.

(d) When a judge prepared as counsel any legal instrument or paper whose validity or construction is at issue.

(e) When a judge of an appellate court previously handled the action or proceeding while judge of an inferior court.

(f) When a judge has a significant financial or personal interest in the outcome of the matter. Such interest does not occur solely by the judge being a member of a political or taxing body that is a party.

(g) When a judge determines that, for any reason, he or she cannot, or it appears he or she cannot, act in an impartial manner.

■

¶ 16. However, the seventh situation requiring disqualification set forth in WIS. STAT. § 757.19(2) (1999–2000) concerns not what exists in the external world subject to objective determination, but what exists in the judge's mind. *Am. TV & Appliance*, 151 Wis. 2d at 182. Paragraph (g) requires disqualification "[w]hen a judge determines that, for any reason, he or she cannot, or it appears he or she cannot, act in an impartial manner." Sec. 757.19(2)(g). The determination of a basis for disqualification here is subjective. *Am. TV & Appliance*, 151 Wis. 2d at 182. Section 757.19(2)(g) mandates a judge's disqualification only when that judge makes a determination that, in fact or in appearance, he or she cannot act in an impartial manner. *Am. TV & Appliance*, 151 Wis. 2d at 183. It does not require disqualification in a situation where one other than the judge objectively believes there is an appearance that the judge is unable to act in an impartial manner. *Id.*

■

¶ 17. Here we do not have a mandatory recusal situation. Thus, the test is a subjective one committed to the judgment of the trial court. Judge Becker determined that her involvement in the settlement negotiations and her limited involvement in the prior guardianship proceeding did not create a need for self-disqualification. We see nothing in the record that contradicts Judge Becker's determination that she could be objective.

*By the Court.*—Judgment affirmed.