COURT OF APPEALS
DECISION
DATED AND FILED

March 18, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1756**

Cir. Ct. No. 2023CV1054

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN EX REL. WALKER'S LOUNGE EVENTS LLC AND STATE OF WISCONSIN EX REL. FELIPE MARTINEZ, JR.,

PETITIONERS-APPELLANTS,

V.

CITY OF MILWAUKEE AND CITY OF MILWAUKEE COMMON COUNCIL,

RESPONDENTS-RESPONDENTS.

APPEAL from an order of the circuit court for Milwaukee County: WILLIAM SOSNAY, Judge. *Affirmed.*

Before Donald, P.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Walker's Lounge Events LLC and Felipe Martinez, Jr. (collectively Walker's Lounge) appeal from an order of the circuit court upholding a decision of the City of Milwaukee and City of Milwaukee Common Council (collectively the Common Council) denying the renewal of licenses for the operation of Walker's Lounge. For the reasons set forth below, we affirm.

## BACKGROUND

¶2 Walker's Lounge owned and operated a restaurant, lounge, and event space located at 626 South 5th Street in Milwaukee beginning in the fall of 2019. As a requirement for operation, Walker's Lounge held a Class B Tavern License, a Food Dealer License, and a Public Entertainment Premises License.

¶3 Walker's Lounge sought to renew its licensing in November 2022 and, as part of the renewal process, it received a notice for a hearing scheduled for January 4, 2023, before the Common Council's Licenses Committee to discuss renewing the licensing for Walker's Lounge.[1] A copy of a report from the Milwaukee Police Department (MPD) listing police contacts connected to Walker's Lounge and some photographs were attached to the notice.

¶4 Walker's Lounge appeared before the Licenses Committee on January 4, 2023, and the Licenses Committee rescheduled the matter for a later

---

[1] While neither party makes mention of this fact, we note that the renewal application contained in the record indicates that the license for Walker's Lounge was renewed with a suspension on a previous occasion. The Alcohol Beverage Status Sheet indicates that the license for Walker's Lounge was previously renewed with a ten-day suspension, and the bottom of the Business Renewal Application indicates that the license was previously renewed with a suspension.

2

date, primarily to allow for investigation of a shooting that had just occurred at Walker's Lounge on January 1, 2023.

¶5   Walker's Lounge received a second notice for a hearing to be held on January 24, 2023, before the Licenses Committee.  A revised MPD report and photographs were attached to the notice.  The revised MPD report contained many of the same incidents as the original report; however, there were several additional entries, including several reports from patrons of Walker's Lounge of firearms stolen from their vehicles parked on the public streets while they were at Walker's Lounge.  Notably, the revised MPD report included the shooting from January 1, 2023.  The report indicated that the incident began with a fight inside Walker's Lounge and ended with shots being fired both inside and directly outside of Walker's Lounge.  The revised MPD report further indicated that MPD submitted a notice designating Walker's Lounge as a nuisance premises following the January 1, 2023 shooting.[2]

¶6   In advance of the January 24, 2023 hearing, counsel for Walker's Lounge submitted a letter to the Licenses Committee describing changes Walker's Lounge made in response to the shooting.  The changes included implementing a dress code that prohibited certain items such as book bags and oversized coats, hiring new security guards, and requiring routine security training.  The letter emphasized that Walker's Lounge had been cooperative with police, and the letter further described that Walker's Lounge was actively engaged in the community over the past year and met with community members and the MPD to address

---

[2] Walker's Lounge challenged the nuisance designation and, citing to publically available records, indicates in its brief that this nuisance designation was overturned.

several concerns related to the operation of Walker's Lounge and similar establishments in the area.

¶7     On January 24, 2023, the Licenses Committee took up the matter of renewing the licensing for Walker's Lounge. An MPD officer read the MPD report into the record. Martinez testified for Walker's Lounge and answered questions from the Licenses Committee. Two residents from the neighborhood also testified in opposition to the renewal. Both residents generally described fighting and yelling attributed to patrons of Walker's Lounge and other similar establishments in the area and problems with broken glass and other garbage littering the sidewalks. At the end of the hearing, the Licenses Committee voted 4-0 to recommend denying the renewal of the licensing for the operation of Walker's Lounge.

¶8     The Licenses Committee prepared a report dated January 26, 2023, which included Findings of Fact and Conclusions of Law, for the Common Council. In the report, the Licenses Committee summarized the contents of the hearing and recommended denying renewal of the licensing for Walker's Lounge. Specifically, the Licenses Committee stated that "the evidence presented demonstrates that the operation results in a threat to health, safety, and welfare of the public" and licensing for the operation of Walker's Lounge should not be renewed.

¶9     Walker's Lounge submitted objections to the report on February 1, 2023; however, at the time Walker's Lounge submitted its objections, it asserted that it had not yet received a copy of the report from the Licenses Committee. In fact, Walker's Lounge alleged that it did not receive a copy of the report from the

Licenses Committee until February 2, 2023, the day after its objections to the report were due.

¶10 On February 7, 2023, the Common Council took up the matter of licensing for Walker's Lounge. Walker's Lounge appeared by counsel, presented an argument, and took questions. Following discussion, the Common Council found that the preponderance of the evidence showed that renewal was a threat to the health, safety, and welfare of the public and denied renewal of the licensing for Walker's Lounge by a unanimous vote of 12-0.

¶11 On February 9, 2023, Walker's Lounge sought certiorari review in the circuit court, along with a temporary restraining order and injunctive relief. The circuit court entered an order signed February 11, 2023, granting the temporary restraining order, and then held a hearing on February 14, 2023, addressing the issue of the injunction. At the hearing on the injunction, the circuit court heard testimony from Martinez, an MPD officer, and the alderman for the district for Walker's Lounge, Alderman Jose G. Perez. Walker's Lounge also introduced documentation previously provided to the circuit court via affidavit about the treatment of other businesses facing a license renewal following an incident at the business.

¶12 On March 3, 2023, the circuit court issued a proposed order denying the injunction, denying the writ of certiorari, and affirming the decision of the Common Council. In response to the proposed order, Walker's Lounge submitted a letter to the circuit court contending that the circuit court's order was premature because the current issue before the circuit court dealt solely with the injunction. Walker's Lounge further pointed out that the circuit court could not yet rule on the writ because the Common Council had not yet certified the record of its

proceedings to the circuit court. On March 6, 2023, despite the letter from Walker's Lounge, the circuit court signed its proposed order denying the injunction, denying the writ for certiorari, and affirming the decision of the Common Council.

¶13 On March 9, 2023, the circuit court, *sua sponte*, vacated its order issued on March 6, 2023, and citing a manifest error of fact and law, issued a new order denying the injunction requested by Walker's Lounge, reinstating the temporary restraining order, and holding open the question of whether the writ should be granted. The Common Council subsequently certified the record of its proceedings to the circuit court, and the parties provided additional briefing on the issue of whether the writ should be granted.

¶14 As a part of the additional proceedings, Walker's Lounge sought to have the circuit court judge recuse himself because the premature order from March 6, 2023, was proof that the circuit court had prejudged the matter and could no longer be impartial. The circuit court denied the request.

¶15 Ultimately, the circuit court upheld the decision to deny renewal of the licensing for Walker's Lounge. Walker's Lounge appeals.

## DISCUSSION

¶16 We review the final decision of a municipal board by certiorari review. *Nowell v. City of Wausau*, 2013 WI 88, ¶48, 351 Wis. 2d 1, 838 N.W.2d 852. On certiorari review, our review is "limited to determining whether: (1) the governmental body's decision was within its jurisdiction, (2) the body acted according to law, (3) the decision was arbitrary or oppressive, and (4) the evidence

6

of record substantiates its decision." ***State ex rel. Bruskewitz v. City of Madison***, 2001 WI App 233, ¶11, 248 Wis. 2d 297, 635 N.W.2d 797.

¶17    We review *de novo* the decision of the municipality, not that of the circuit court. ***Id.*** During our review, we apply a presumption of correctness and validity to the municipality's decision, and the petitioner bears the burden of overcoming this presumption. ***Ottman v. Town of Primrose***, 2011 WI 18, ¶¶48, 50, 332 Wis. 2d 3, 796 N.W.2d 411.

¶18    On appeal, Walker's Lounge argues that the Common Council's decision was arbitrary, oppressive, and unreasonable because the decision is not supported by the record and is inconsistent with the Common Council's general practice of using progressive discipline.

¶19    When we review a challenge to the evidence supporting a municipality's decision, we do not weigh the evidence but rather assess whether substantial evidence in the record supports the municipality's decision. ***Cohn v. Town of Randall***, 2001 WI App 176, ¶26, 247 Wis. 2d 118, 633 N.W.2d 674. "Substantial evidence does not mean a preponderance of the evidence. Rather, the test is whether, taking into account all the evidence in the record, 'reasonable minds could arrive at the same conclusion as the [municipality].'" ***Madison Gas & Elec. Co. v. PSC***, 109 Wis. 2d 127, 133, 325 N.W.2d 339 (1982) (citation omitted). Under this standard, we uphold the municipality's decision unless "a reasonable trier of fact could not have reached [the decision] from all the evidence before it[.]" ***Nestlé USA, Inc. v. DOR***, 2011 WI 4, ¶23, 331 Wis. 2d 256, 795 N.W.2d 46.

¶20    We conclude that the Common Council's decision was not arbitrary, oppressive, or unreasonable, and the record reflects that the decision was

supported by substantial evidence. As the Common Council points out, the shooting incident from January 1, 2023, alone provides sufficient grounds to deny renewal of the licensing for Walker's Lounge. Nevertheless, there are several other pieces of evidence contained in the record certified by the Common Council that support the decision, including the testimony from the two neighborhood residents opposing renewal and several additional incidents listed in the MPD report. *See **Questions, Inc. v. City of Milwaukee***, 2011 WI App 126, ¶¶20-26, 336 Wis. 2d 654, 807 N.W.2d 131 (discussing incidents contained in a police report and general neighborhood opposition as evidence supporting a license decision). From this evidence, reasonable minds could arrive at the same conclusion that the preponderance of the evidence demonstrated that renewal of the licenses for Walker's Lounge was a threat to the health, safety, and welfare of the public.[3]

¶21 We further reject the attempt to overturn the Common Council's decision as arbitrary and oppressive because it is inconsistent with a general practice to impose progressive discipline. In making this argument, Walker's Lounge provides an affidavit listing several instances where it contends the Common Council renewed the licenses of local establishments with warnings or a brief suspension following a shooting incident similar to the shooting incident at

---

[3] Indeed, MILWAUKEE, WIS., CODE OF ORDINANCES (MCO) § 85-4-4-c (2023), currently states that activities including, but not limited to, disturbance of the peace, theft, assaults, battery, excessive littering, and loud noise at times when a licensed premises is open for operation are all grounds for nonrenewal, suspension, or revocation.

All references to the MCO are to the 2023 version unless otherwise noted.

Walker's Lounge, and by deciding nonrenewal was appropriate here, the Common Council treated Walker's Lounge differently from these other establishments.[4]

¶22    The Common Council responds that we should not consider the additional evidence submitted by Walker's Lounge because we are confined to the record of the municipality's proceedings on certiorari review and the evidence provided via affidavit by Walker's Lounge improperly raises evidence outside of that record.

¶23    In general, "[w]hen conducting common law certiorari review, a court reviews the record compiled by the municipality and does not take any additional evidence on the merits of the decision." *Ottman*, 332 Wis. 2d 3, ¶35. Pursuant to WIS. STAT. § 125.12(2)(d) (2023-24),[5] a circuit court may take evidence related to one of the four prongs of certiorari review. *Nowell*, 351 Wis. 2d 1, ¶48. However, the taking of evidence permitted under § 125.12(2)(d) is not intended to enlarge the scope of certiorari review. *Nowell*, 351 Wis. 2d 1, ¶48. Moreover, the municipality record may be enlarged only in certain instances and upon a *prima facie* showing of disparate treatment. *See Sills v. Walworth Cnty. Land Mgmt. Comm.*, 2002 WI App 111, ¶42, 254 Wis. 2d 538, 648 N.W.2d 878; *see also Nowell*, 351 Wis. 2d 1, ¶48 n.8.

---

[4] We note that, despite contrary references in the record from the Common Council, Walker's Lounge asserts that it has never received any discipline in the form of a warning or suspension and this lack of any warning or suspension is the primary reason behind the argument that Walker's Lounge has been treated differently. However, because neither party has explained the references in the record to a prior suspension, we do not discuss the matter further other than to note that Walker's Lounge would be no different from any other establishment should the licenses have been suspended during a prior renewal period.

[5] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

¶24 In this case, Walker's Lounge provided an affidavit with additional information not contained in the record provided by the municipality without also filing a corresponding motion making a *prima facie* showing of disparate treatment to enlarge the record with this additional information. Given the general premise that court review is limited to the record certified by the municipality and the lack of a *prima facie* showing of disparate treatment, we do not consider the additional evidence provided by Walker's Lounge, and we reject the attempt to overturn the Common Council's decision as arbitrary, oppressive, and unreasonable on this basis.

¶25 Walker's Lounge further argues that it was denied due process because the hearing notice was not legally compliant, the municipality's proceedings had no reliable standards or an impartial decision maker, and the circuit court judge was objectively biased.

¶26 As to the hearing notice, Walker's Lounge argues that the notice it received was insufficient and failed to comply with the following requirements of MCO § 85-3-1-b by including in the notice: (1) "[a] statement of the common council's intent to revoke, suspend or not renew the license or permit if objections, charges or allegations are found to be true"; (2) "[a] statement of the specific reasons for revocation, suspension or nonrenewal"; and (3) "[a] statement that, upon conclusion of a hearing before the committee, the committee will prepare a

written report and recommendation to the common council, and shall provide a copy of the report and recommendation to the applicant."[6]

¶27 In the first part of its due process argument involving the notices, Walker's Lounge in essence argues that the notice it received was not properly particularized. We disagree, and we conclude that the language contained in the notices that there was a possibility of nonrenewal and the MPD reports attached to each of the notices provided sufficient notice. *See Questions, Inc.*, 336 Wis. 2d 654, ¶¶36-38.[7]

¶28 In the second part, Walker's Lounge takes issue with its receipt of the report from the Licenses Committee on February 2, 2023, the day after objections to the report were due. On this point, we first note that MCO § 85-3-1-b-7 does not provide any statement about when the Licenses Committee's report must be received and the receipt of the report in relation to any deadline for objections. Nevertheless, citing to MCO § 85-3-1-b-7, Walker's Lounge takes issue with the timing of its receipt of the report from the Licenses Committee on February 2, 2023, in relation to the due date of February 1, 2023, for objections to the report.

---

[6] Given the arguments raised by the parties, we limit our discussion to MCO § 85-3-1-b. However, we note that prior cases involving the renewal of a Class B Tavern license, similar to the one here, have based the discussion on the requirements of MCO § 90-11, which is the section on license renewal in the chapter applying to liquor and tavern regulations. *See, e.g.*, *Questions, Inc. v. City of Milwaukee*, 2011 WI App 126, ¶¶34-35, 336 Wis. 2d 654, 807 N.W.2d 131. As no argument has been raised using MCO § 90-11, we do not discuss it further.

[7] To the extent that Walker's Lounge relies on *Family Dollar Stores of Wisconsin LLC v. City of Milwaukee*, No. 2021AP1432, unpublished slip op. (WI App Oct. 11, 2022), we note that the court indicated that the notice in *Family Dollar* was missing the police reports that were supposed to be attached. *Id.*, ¶¶28-29.

11

¶29    The Common Council responds that it was not aware prior to its receipt of objections from Walker's Lounge that Walker's Lounge had not received the report from the Licenses Committee prior to its February 1, 2023 deadline to file objections. The Common Council further responds that, had it been aware that Walker's Lounge had not received a copy of the report prior to the February 1, 2023 deadline to file objections, the Common Council would have accepted objections from Walker's Lounge after the originally stated deadline of February 1, 2023.

¶30    Given that Walker's Lounge failed to inform the Common Council that it had not received the report and yet still filed detailed and relevant objections by the February 1, 2023 deadline, we cannot say that the process afforded to Walker's Lounge impaired its ability to defend itself in front of the Common Council. *See* ***State ex rel. DeLuca v. Common Council of Franklin***, 72 Wis. 2d 672, 679-80, 242 N.W.2d 689 (1976) (rejecting a due process challenge on certiorari review when the ability to present a defense was not impaired).[8]

¶31    Walker's Lounge additionally argues that it was denied due process because it was deprived of an impartial decision maker both during the municipality proceedings and the proceedings before the circuit court. As to the partiality of the decision maker during the municipality proceedings, Walker's Lounge argues that the proceedings were entirely based on aldermanic privilege and the opinion and preference of Alderman Perez. We disagree.

---

[8] To the extent Walker's Lounge argues that the notice was insufficient for failing to include a statement about the report in the notice, we reject its argument for the same reason.

¶32    The report of the Licenses Committee and the decision of the Common Council both clearly state that the decision not to renew the licensing for Walker's Lounge was evaluated using the preponderance of the evidence, and considering the MPD report and the applicant and resident testimony, the preponderance of the evidence showed that renewal resulted in a threat to the health, safety, and welfare of the public.[9]  We have already established that the MPD report and resident testimony in opposition to the renewal was substantial evidence supporting the Common Council's decision, and having met that standard, we reject the argument made by Walker's Lounge that Alderman Perez, as the alderman for the district, improperly exercised aldermanic privilege and inappropriately influenced the decision in this matter.

¶33    Last, Walker's Lounge argues that the circuit court judge was objectively biased under WIS. STAT. § 757.19(2)(g), and should have recused himself.  *See id.* (requiring recusal "[w]hen a judge determines that, for any reason, he or she cannot, or it appears he or she cannot, act in an impartial manner").  Walker's Lounge supports its argument using the March 6, 2023 order in which the circuit court affirmed the decision of the Common Council before the record of the proceedings had been certified.  Walker's Lounge then compares this order to the final order entered by the circuit court affirming the decision of the Common Council and contends that the near identical nature of the two orders is evidence that the matter was prejudged.

---

[9] The preponderance of the evidence standard has been codified in MCO § 85-4-4 since the time of the renewal proceedings for Walker's Lounge.  Nonetheless, the record reflects that the Licenses Committee and the Common Council applied a preponderance of the evidence standard when evaluating the evidence submitted in this case.

¶34 "The determination of a basis for disqualification here is subjective." ***Sharpley v. Sharpley***, 2002 WI App 201, ¶16, 257 Wis. 2d 152, 653 N.W.2d 124. "It does not require disqualification in a situation where one other than the judge objectively believes there is an appearance that the judge is unable to act in an impartial manner." ***Id.*** "Thus, the test is a subjective one committed to the judgment of the trial court." ***Id.***, ¶17.

¶35 Despite the improperly issued order on March 6, 2023, the circuit court continued with the proceedings by reviewing the record and entertaining additional briefing from the parties before issuing a final order denying the requested injunction and affirming the decision of the Common Council. At a hearing to address the recusal request from Walker's Lounge, the circuit court stated that its "focus is obviously remaining fair and impartial and independent and deciding the case based upon the facts and the record before [it] and the applicable law." The circuit court further stated, "The [c]ourt will perform its duty by deciding this case fairly, impartially, independently, based upon the record before [it] and the law as it is to be applied, and not based upon any previous decision this [c]ourt may have made in this matter." We, therefore, conclude that the record does not demonstrate that the circuit court was objectively biased in any way. *See **Sharpley***, 257 Wis. 2d 152, ¶17.

¶36 Accordingly, we reject the arguments of Walker's Lounge, and we affirm.

> *By the Court.*—Order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.